THE STATE, EX REL. FIRESTONE TIRE AND RUBBER COMPANY, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as State, ex rel. Firestone Tire & Rubber Co., *v.* Indus. Comm. (1989), 47 Ohio St. 3d 78.]

(No. 88-1308—Submitted October 17, 1989—Decided December 13, 1989.)

*Buckingham, Doolittle & Burroughs, Timothy C. Campbell* and *Eleanor J. Tschugunov,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Isabella Dixon,* for appellant Industrial Commission.

*Michael J. Muldoon,* for appellant Yancey.

*Per Curiam.* Subject to commission approval, a claimant or employer may depose a physician who has reported on the claimant's extent of disability. R.C. 4123.09. This discretionary approval is based on the reasonableness of the movant's request. Ohio Adm. Code 4121-3-09 (B)(5)(d).

We have addressed this subject on two previous occasions. Upon review, we conclude that our decisions in *State, ex rel. General Motors Corp.,* v. *Indus. Comm.* (1976), 47 Ohio St. 2d 244, 1 O.O. 3d 141, 351 N.E. 2d 442, and *Williams* v. *Moody's of Dayton, Inc.* (1982), 1 Ohio St. 3d 238, 1 OBR 260, 438 N.E. 2d 1162, require employers to meet more stringent deposition criteria than do claimants. Under *Williams,* a claimant need only show that a substantial disparity exists between various medical reports and that the commission relied on one of those reports to the exclusion of others. Under *State, ex rel. General Motors Corp., supra,* however, an employer

80

must additionally demonstrate that the relied-upon reports considered nonallowed conditions. The commission has never been required to *rely* on all the evidence before it — it need only *consider* it. Moreover, any commission failure in this regard will not be cured by a physician deposition.

The present controversy centers on Dr. Frenz's reference to nonallowed conditions. The commission argues that it reviewed the report and found that the doctor's conclusion was based solely on the allowed injuries. The commission contends that its finding is supported by "some evidence" and thus is not subject to correction in mandamus. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. Appellee, on the other hand, contends that the question is not whether the reviewing physician *actually* relied on nonrecognized conditions, but whether there was reasonable cause to believe that he or she did so. This contention is unpersuasive.

Neither *General Motors* nor *Williams, supra,* expressly or inferentially refers to a "reasonable cause" standard. Such a standard was unnecessary in *General Motors* since it was clear that nonallowed conditions were considered, substantial disparity existed and certain reports were not considered. Similarly, in *Williams,* we specifically found that substantial disparity and exclusionary reliance *did* exist, not that they *may have* existed.

In reviewing the record for "some evidence" to support the commission's order, we find that, contrary to the court of appeals' suggestion, Dr. Frenz did discuss the allowed conditions. He found practically no cervical spine motion and referred to his "detailed review" of claimant's cervical X-rays, noting spur formation at C5-6. Most persuasive, however, is his conclusion that:

"This claimant has indeed sustained impairments per this claim which renders [*sic*] him permanently and totally disabled from sustained remunerative employment to a degree of 100%; *this is exclusive of his other unrelated medical problems and disabilities.*" (Emphasis added.)

In reviewing claimant's medical history, Dr. Frenz unquestionably discussed nonallowed conditions. However, we find mere discussion insufficient to support the appellate court's conclusion that Dr. Frenz's finding on disability was improperly based on nonrecognized conditions, especially when the doctor specified otherwise. We thus find "some evidence" supporting the commission's decision.

Accordingly, we reverse that portion of the appellate court judgment which orders the commission to permit appellee to depose Dr. Frenz. We affirm that portion which denies Dr. Rosen's deposition.

*Judgment reversed in part and affirmed in part.*

MOYER, C.J., SWEENEY, WRIGHT, H. BROWN and RESNICK, JJ., concur.

HOLMES and DOUGLAS, JJ., concur in judgment only.