THE STATE EX REL. YANCEY, APPELLANT, *v.* FIRESTONE
TIRE & RUBBER COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Yancey v. Firestone Tire
& Rubber Co.* (1997), 77 Ohio St.3d 367.]

(No. 94–2617—Submitted November 12, 1996—Decided January 22, 1997.)

368

*Law Offices of Stanley R. Jurus* and *Michael J. Muldoon,* for appellant.

*Buckingham, Doolittle & Burroughs, L.P.A., Brett L. Miller* and *Richard A. Hernandez,* for appellee Firestone Tire & Rubber Co.

*Betty D. Montgomery,* Attorney General, and *Yolanda L. Barnes,* Assistant Attorney General, for appellee Industrial Commission.

---

*Per Curiam.* We recently resolved the question presented in Leola's second proposition of law: Is mandamus available to compel payments, pursuant to R.C. 4123.60, to a decedent's spouse for PTD the decedent might have received prior to his death? In *State ex rel. Nicholson v. Copperweld Steel Co.* (1996), 77 Ohio St.3d 193, 672 N.E.2d 657, we held that R.C. 4123.60 gives dependents the right to claim compensation for which the decedent was eligible, but was not paid before death, and that mandamus may be used to enforce this right. The court of appeals' judgment to the contrary, therefore, is reversed.

In her first proposition of law, Leola claims that the commission abused its discretion in finding that Charles was not permanently and totally disabled. For the reasons that follow, we agree and further find that Leola is entitled to payment of the PTD Charles should have received before his death.

In denying Charles's PTD application, the commission rejected the Frenz and Rosen reports because it was not convinced that the doctors had excluded Charles's diabetes in determining his medical inability to return to work. Leola complains that this finding "impeaches" a previous commission order.

Leola is referring to the commission order that Firestone challenged in *State ex rel. Firestone Tire & Rubber Co. v. Indus. Comm.* (1989), 47 Ohio St.3d 78, 547 N.E.2d 1173, a mandamus appeal. In that case, Firestone sought to discredit the Rosen and Frenz reports by establishing through deposition testimony that the doctors had diagnosed permanent and total disability based, in part, on Charles's diabetes, a nonallowed condition and impermissible consideration. *State ex rel. Fields v. Indus. Comm.* (1993), 66 Ohio St.3d 437, 440, 613 N.E.2d 230, 232; *State ex rel. Waddle v. Indus. Comm.* (1993), 67 Ohio St.3d 452, 455, 619 N.E.2d 1018, 1020. In *Firestone,* the commission determined that the conclusions in these reports resulted solely from allowed conditions and, therefore, that the depositions were unnecessary. *Id.* at 79, 547 N.E.2d at 1174. We found some evidence to support the commission's decision and, accordingly, denied a writ to compel the doctors' depositions. *Id.* at 80, 547 N.E.2d at 1175.

Neither Firestone nor the commission specifically defends the commission's, in effect, reneging on its interpretation of the Rosen and Frenz reports. Leola similarly offers no authoritative explanation why the commission should be bound by its initial interpretation. We need not resolve this issue, however, because we are persuaded by Leola's next argument—essentially that no evidence establishes Charles's capacity for sedentary employment and that all evidence cited by the commission supports a finding of his permanent and total disability.

The commission is the exclusive evaluator of evidentiary weight and credibility. Thus, as Firestone argues, the commission is ordinarily free to reject medical reports for legitimate reasons, including the reporting physician's consideration of nonallowed conditions. *State ex rel. Shields v. Indus. Comm.* (1996), 74 Ohio St.3d 264, 268, 658 N.E.2d 296, 299; see *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 21, 31 OBR 70, 72–73, 508 N.E.2d 936, 938–939. But, in rejecting the Rosen and Frenz reports, the commission effectively relied exclusively on the Aronson report to find Charles capable of sedentary sustained remunerative employment. Dr. Aronson evaluated the emotional and psychological component of Charles's injury and determined Charles had a thirty percent impairment; Dr. Aronson did not also assess the impairment caused by the orthopedic condition. The commission thus had no evidence from which to conclude essentially that Charles's head or neck condition permitted sedentary employment.

To deny PTD in the face of two allowed conditions, the commission must have some evidence that neither condition renders the claimant unfit for sustained

remunerative employment. *State ex rel. Johnson v. Indus. Comm.* (1988), 40 Ohio St.3d 339, 340, 533 N.E.2d 720, 721–722. Accord *State ex rel. Zollner v. Indus. Comm.* (1993), 66 Ohio St.3d 276, 611 N.E.2d 830. Moreover, Dr. Aronson, even with only Charles's psychological/emotional condition before him, nevertheless concluded, as did Drs. Rosen and Frenz and Menassa, that Charles would never be able to return to work. Thus, virtually all the evidence reviewed by the commission supported the conclusion that Charles was unable to engage in sustained remunerative employment.

Where the record contains some evidence to support the commission's conclusions, its decision will not be disturbed in mandamus. *State ex rel. Burley, supra.* Conversely, where no evidence supports the commission's order, the order represents an abuse of discretion, and a writ of mandamus must issue to correct the abuse. *State ex rel. Eberhardt v. Flxible Corp.* (1994), 70 Ohio St.3d 649, 640 N.E.2d 815.

Here, as stated above, the commission cited no evidence from which to conclude that Charles's allowed conditions permitted sustained remunerative employment, and all the medical evidence reviewed by the commission established that he would never return to work. Furthermore, Charles's death precludes further medical examination. For these reasons, we find that the commission's order cannot be justified on this record, that the order cannot be redeemed with the submission of additional evidence, and that Charles's permanent and total disability is a substantial likelihood. In such extraordinary situations, we have authority to compel payment of PTD for which the claimant qualified. *State ex rel. Gay v. Mihm* (1994), 68 Ohio St.3d 315, 626 N.E.2d 666; *State ex rel. Ranomer v. Indus. Comm.* (1994), 71 Ohio St.3d 134, 137, 642 N.E.2d 373, 376; *State ex rel. McComas v. Indus. Comm.* (1996), 77 Ohio St.3d 362, 673 N.E.2d 1370.

Accordingly, we grant the requested writ of mandamus and order payment to Leola, pursuant to R.C. 4123.60, of the PTD Charles should have received prior to his death.

*Judgment reversed*
*and writ granted.*

MOYER, C.J, DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.