THE STATE EX REL. BINEGAR, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLANTS.

[Cite as *State ex rel. Binegar v. Indus. Comm.* (1997), 80 Ohio St.3d 470.]

(No. 95–1525—Submitted December 3, 1997—Decided December 31, 1997.)

*Daniel D. Connor Co., L.P.A.,* and *Daniel D. Connor,* for appellee.

*Betty D. Montgomery,* Attorney General, and *William A. Thorman III,* Assistant Attorney General, for appellants.

---

*Per Curiam.* The court of appeals' decision preceded our decision in *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929, wherein we held that the commission was not required to extend permanent total disability compensation beyond the date specified in an interlocutory order. The commission did not, therefore, in the case before us, abuse its discretion in refusing to continue permanent total disability compensation.

The commission further argues that its order is supported by "some evidence." We agree. Medically, all of the doctors on which the commission relied found claimant was able to do sustained remunerative work. The only restriction placed upon claimant by those doctors was that he avoid hazardous work machinery and environments. Dr. Kissel found that claimant could do up to medium-duty work, while Dr. Holbrook found no exertional limitations at all. Likewise, Dr. Howard opined that claimant's allowed psychiatric condition did not prohibit him from any type of sustained remunerative employment outside of his former job.

Claimant's contention that the aforementioned conclusions were based on a misunderstanding of the severity of his allowed conditions is unpersuasive. It was the doctors' awareness of continued seizures as well as their unpredictability that assuredly generated the recommendation that claimant not work in environments where his safety would be jeopardized by sudden seizure activity. We also reject claimant's suggestion that the commission abused its discretion in accepting these reports over other available medical evidence. As we have repeatedly stated, the commission alone evaluates the weight and credibility of the evidence before it. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

In evaluating claimant's nonmedical disability factors, the commission stressed that claimant was only thirty-two years old, which it viewed as "extremely young" from an occupational perspective. The commission also noted that claimant had successfully completed high school. These two factors convinced the commission that claimant was amenable to retraining and reemployment into jobs consistent with his medical capabilities. The commission did not, therefore, abuse its discretion in finding that claimant's vocational and rehabilitation potential permitted him to secure alternate employment.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.