[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 105.]

THE STATE EX REL. CRAWFORD, APPELLEE, *v.* INDUSTRIAL COMMISSION OF OHIO; RELIANCE ELECTRIC COMPANY, APPELLANT.

[Cite as *State ex rel. Crawford v. Indus. Comm.*, 1998-Ohio-264.]

*Workers' compensation—Industrial Commission not required to extend permanent total disability compensation after issuing an interlocutory award for a closed period—Where commission's order is supported by "some evidence," it does not represent an abuse of discretion and will not be disturbed in mandamus.*

(No. 95-1926—Submitted May 13, 1998—Decided June 10, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 94APD08-1257.

————————

{¶ 1} The Court of Appeals for Franklin County granted Joan M. Crawford ("Crawford"), appellee, a writ of mandamus ordering that the Industrial Commission of Ohio vacate its order denying her application for permanent total disability compensation ("PTD") and issue an order granting this relief. Her former employer, Reliance Electric Company ("Reliance"), appellant, seeks reversal.

{¶ 2} Crawford injured her back while working for Reliance in June 1988. Her workers' compensation claim was allowed for "mild bulging disc with stenosis L4, L5." While receiving temporary total disability compensation, Crawford applied for PTD and submitted various medical reports indicating her inability to engage in sustained remunerative employment.

{¶ 3} A deputy of the commission initially granted PTD in an interlocutory order for a closed period, from December 4, 1992 until March 15, 1993. The order provided, in part:

"The reports of doctor(s) McCloud, Zaas, Perhala, [and] Gustafson were reviewed and evaluated.

"This order is based particularly upon the reports of [1] [Dr.] McCloud, M.D. orthopedist, for the Industrial Commission, dated 8/13/92, who found claimant is not permanently and totally impaired but has reached maximum medical improvement and is 30% permanent partial impaired[;] [2] Dr. Zaas, M.D. orthopedist, for the claimant, dated 6/21/91, who found claimant has reached maximum medical improvement and is permanently and totally disabled[;] [3] Dr. Perhala, M.D. arthritis and sports medicine, for the claimant, dated 3/28/92, who found claimant had reached maximum medical improvement and is permanently and totally disabled[;] [4] Dr. Gustafson, M.D. occupational medicine, for the employer, dated 8/28/91, who found claimant has reached maximum medical improvement and is capable of sustained remunerative employment[;] [and a] consideration of the claimant's age of 64, her 12th grade education, a work history, the evidence in the file and the evidence adduced at the hearing. Additional factors considered in reaching this decision were Dr. Richetta's report of 10/5/92 that claimant has no psychological [symptoms] that detrimentally impact on her ability to work."

{¶ 4} But the full commission ultimately denied continued PTD after a hearing on March 17, 1993. The commission's order provided, in part:

"The reports of Drs. Zaas, Perhala, Richette, Gustafson, and McCloud were reviewed and evaluated. This order is based particularly upon the reports [*sic*, report] of Dr. McCloud, and the evidence in the file and the evidence adduced at the hearing.

"It is found that the claimant is 54 [*sic,* 64] years old, she is a high school graduate, and she has worked as insulation tester, waitress, grocery clerk and a jewelry store clerk. In 1988, the claimant injured her back at work when she pushed a machine on the assembly line. In 1990, she underwent surgery. Dr. Gustafson stated that claimant could lift up to 10 pounds, and the claimant could engage in sustained remunerative employment where she could alternate between sitting or

standing. Dr. McCloud found even fewer restrictions. Dr. McCloud stated the claimant should not lift over 20 pounds on a repetitive basis, and he found no reason for any other restrictions. She could perform work activities involving standing, ambulating, sitting, the use of her neck, and the use of her upper extremities. The claimant's prior work experience, as a cashier in a grocery store and a clerk in a jewelry store, involved work activities within the range of abilities demonstrated by the report of Dr. McCloud. It is, therefore, found that the claimant still retains the abilities to perform sustained remunerative employment within her capabilities by reason of her prior employment experience."

{¶ 5} Crawford subsequently requested the instant writ of mandamus in the court of appeals, arguing that the commission abused its discretion in denying her PTD. A referee initially recommended that the court grant a limited writ, returning the cause to the commission for further review because the commission's final order incorrectly identified the sixty-four-year-old Crawford as being fifty-four years of age. The commission and Crawford filed objections, both assuring the court that the error as to her age was typographical and not the commission's misunderstanding. As a result, the court proceeded to determine Crawford's entitlement to relief and, relying on *State ex rel. Draganic v. Indus. Comm.* (Sept. 22, 1994), Franklin App. No. 93APD10-1491, unreported, 1994 WL 521157, reversed (1996), 75 Ohio St.3d 461, 663 N.E.2d 929, held that the commission had no jurisdiction to retract a PTD award absent changed circumstances.

{¶ 6} The cause is before this court upon an appeal as of right.

————————————

*Landskroner & Phillips Co., L.P.A.,* and *Robert F. Voth*, for appellee.

*Overly, Spiker, Chappano & Wood, L.P.A., Douglas E. Spiker* and *Lev K. Martyniuk*, for appellant.

————————————

*Per Curiam.*

**{¶ 7}** Since the court of appeals' decision in this cause, we have determined that the commission is not required to extend PTD compensation after issuing an interlocutory award for a closed period. *State ex rel. Draganic v. Indus. Comm.* (1996), 75 Ohio St.3d 461, 663 N.E.2d 929. We adhere to this opinion. See, *e.g.*, *State ex rel. Kinnebreu v. Clinic Ctr. Hotel* (1998), 80 Ohio St.3d 688, 691-692, 687 N.E.2d 1375, 1378; *State ex rel. Toth v. Indus. Comm.* (1997), 80 Ohio St.3d 360, 363, 686 N.E.2d 514, 516; *State ex rel. Binegar v. Indus. Comm.* (1997), 80 Ohio St.3d 470, 474, 687 N.E.2d 437, 440. The court of appeals' judgment on this issue, therefore, is reversed.

**{¶ 8}** Having so decided, we decline to rule on Reliance's alternate argument for reversal—that the record fails to show the commission's having considered the evidence submitted at hearing in "some meaningful manner," as required by *State ex rel. Ormet v. Indus. Comm.* (1990), 54 Ohio St.3d 102, 107, 561 N.E.2d 920, 925.

**{¶ 9}** The last issue presented is whether some evidence exists for the commission's denial of PTD. Where the commission's order is supported by "some evidence," it does not represent an abuse of discretion and will not be disturbed in mandamus. *State ex rel. Yancey v. Firestone Tire & Rubber Co.* (1997), 77 Ohio St.3d 367, 371, 673 N.E.2d 1374, 1377. Here, the commission accurately cited evidence appearing in the record to establish Crawford's capacity for sustained remunerative employment. We are bound to accept the commission's assessment of the evidence as to Crawford's disability, see *Yancey,* 77 Ohio St.3d at 370, 673 N.E.2d at 1377, and, accordingly, cannot grant the requested writ.

*Judgment reversed*

*and writ denied.*

MOYER, C.J., PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, RESNICK and F.E. SWEENEY, JJ., dissent and would affirm the judgment of the court of appeals.

January Term, 1998