[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 30.]

THE STATE EX REL. KMART CORPORATION, APPELLANT, *v.* FRANTOM ET AL.,
APPELLEES.

[Cite as *State ex rel. Kmart Corp. v. Frantom*, 1999-Ohio-180.]

*Appellate procedure—Administrative law—Final orders—Interlocutory discovery order—Mandamus cannot be used as a substitute for appeal or to create an appeal from an order that is not final.*

(No. 97-1655—Submitted August 25, 1999—Decided September 15, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 96APD09-1257.

_____

*Pickrel, Schaeffer & Ebeling, David C. Korte* and *Michelle D. Bach*, for appellant.

*E.S. Gallon & Associates* and *Richard M. Malone*, for appellee Frantom.

*Betty D. Montgomer*y, Attorney General, and *Cordelia A. Glenn*, Assistant Attorney General, for appellee Industrial Commission.

_____

*Per Curiam.*

{¶ 1} Appellant, Kmart Corporation ("Kmart"), moved appellee Industrial Commission of Ohio ("commission") for permission to depose a specialist who had pronounced former Kmart employee appellee Virginia Frantom permanently and totally disabled from her work-induced injury. The commission denied Kmart's motion, and Kmart requested a writ of mandamus to overturn that decision before the commission could either grant or deny Frantom's application for permanent and total disability compensation. The Court of Appeals for Franklin County denied the writ, holding that mandamus is not available to challenge an agency's interlocutory discovery order.

{¶ 2} We affirm. In *State ex rel. McKim v. Hobart Corp.* (1991), 58 Ohio

St.3d 99, 568 N.E.2d 670, we unanimously rejected an employee-claimant's request for a writ of mandamus to compel the commission to grant her permission to depose a doctor. We held that the commission's discovery order could not be reviewed in mandamus because the writ cannot be used to create an appeal from an order that is not final. *Id.* at 100, 568 N.E.2d at 670-671, citing *State ex rel. Sobczak v. Skow* (1990), 49 Ohio St.3d 13, 14, 550 N.E.2d 455, 456. Accord *State ex rel. Williams v. Moody's of Dayton, Inc.* (1982), 1 Ohio St.3d 238, 1 OBR 260, 438 N.E.2d 1162 (denial of deposition order reviewed in mandamus after commission determined extent of disability and granted compensation). But, see, *State ex rel. Firestone Tire & Rubber Co. v. Indus. Comm.* (1989), 47 Ohio St.3d 78, 547 N.E.2d 1173 (denial of deposition order reviewed in mandamus prior to disposition of claimant's application for permanent total disability compensation and without court comment on the lack of finality). We are not persuaded to abandon this established rule on the basis of Kmart's arguments that the commission's order was wrong and unfair.

{¶ 3} The court of appeals' judgment, therefore, is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————