[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
The Kroger Company filed this action in mandamus seeking a writ which would compel the Industrial Commission of Ohio ("commission") to vacate its order granting permanent total disability ("PTD") compensation for Ronald Murphy. In the alternative, Kroger seeks to depose commission specialist Wayne C. Amendt, M.D.
In accord with Loc.R. 12(M), the case was referred to a magistrate to conduct appropriate proceedings. The parties ultimately were able to submit a suitable copy of the stipulated record for the magistrate's review. The parties also filed briefs.
On February 14, 2002, the magistrate issued a nunc pro tunc magistrate's decision which included a recommendation that the requested relief be refused. (Attached as Appendix A.) Counsel for Kroger sought leave to extend the time allowed for filing objections to the magistrate's decision and was allowed to file objections to the magistrate's decision on March 6, 2002. Counsel for the commission has filed a memorandum in response. The case is now before the court for a full, independent review.
Ronald Murphy was injured in 1984. His claim has been allowed for low back strain and for a herniated disc at L4-L5. A laminectomy/diskectomy peformed in 1985 only partially helped improve his medical picture.
In early 2000, Mr. Murphy filed an application for PTD compensation. He is now 60 years old and has worked only as a clerk in a grocery store. He worked 30 years for Kroger, including 6 years for Kroger after his injury. He later worked as a produce clerk at Publix, ending that employment in 1999.
A medical report from Martin Fritzhand, M.D., filed with the application for PTD compensation, indicated that Mr. Murphy is entitled to PTD compensation based upon his recognized medical conditions alone.
A report prepared by Jose Luis Chavez, M.D., at the request of Kroger indicated that Mr. Murphy had a significantly decreased lumbar reserve and a significant level of deactivation, but that Mr. Murphy was still capable of sedentary employment.
Mr. Murphy was examined by commission specialist Wayne C. Amendt, M.D., on April 12, 2000. Dr. Amendt noted that Mr. Murphy suffered from Crohn's disease in addition to his recognized medical conditions. Dr. Amendt found a whole person impairment of 39 percent and reported that Mr. Murphy was incapable of engaging in sustained remunerative employment.
Kroger sought to depose Dr. Amendt, but was refused the opportunity to do so. The commission relied upon Dr. Amendt's medical findings in granting PTD compensation .
Kroger's primary assertion, both before the magistrate and before us, is that Dr. Amendt considered the Crohn's disease from which Mr. Murphy suffers in reaching the conclusion that Mr. Murphy is medically incapable of sustained remunerative employment. Nothing in Dr. Amendt's report indicates that Dr. Amendt in any way confused the intestinal condition known as Crohn's disease with the debilitating problems resulting from Mr. Murphy's back conditions. The commission and the magistrate were clearly correct in discounting Kroger's argument about Crohn's disease.
The reports from the three physicians do not present a substantial disparity as to Mr. Murphy's physical condition. The reports instead differ about the conclusions to be drawn from his physical condition. The commission was well within its discretion to refuse a deposition under the circumstances.
As a result, the objections to the magistrate's decision are overruled. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the requested relief.
Objections overruled; writ denied.
DESHLER and BRYANT, JJ., concur.
 APPENDIX A IN MANDAMUS
Relator, The Kroger Company, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Ronald Murphy ("claimant"), and to issue an order denying the application for compensation. In the alternative, relator requests a writ of mandamus ordering the commission to permit relator to depose Dr. Amendt or to eliminate Dr. Amendt's report from consideration and schedule claimant for another medical examination.
Findings of Fact:
1. Claimant received a work-related injury on November 14, 1984, and his claim has been allowed for "low back strain; herniated disc at L4-L5."
2. Claimant had surgery for a laminectomy/diskectomy in 1985.
3. On January 4, 2000, claimant filed an application for PTD compensation supported by the November 29, 1999 report of his treating physician, Martin Fritzhand, M.D. In his report, Dr. Fritzhand noted his findings and concluded that claimant was unfit for work at any substantial remunerative employment. Dr. Fritzhand noted that claimant could sit for three to four hours a day and without interruption for twenty to thirty minutes; is unable to bear weight, ambulate or stand for more than short periods of time; can lift between five and ten pounds; cannot stoop, kneel, crouch or crawl, but can occasionally climb.
4. Relator was examined by Luis Chavez, M.D., who issued a report dated May 10, 2000. Dr. Chavez noted his findings, assessed a twenty-five percent whole person impairment, and concluded that claimant was capable of employment at least in a sedentary capacity, solely as related to the recognized conditions. Dr. Chavez noted that claimant would function better in a position where he can sit or stand as needed, that he could carry dockets, ledgers or small tools, and there is no limitation on his ability to finger, feel, see, hear or speak.
5. Claimant was also examined by Wayne C. Amendt, M.D., a commission specialist, who issued a report dated April 12, 2000. Dr. Amendt correctly noted that the claim was allowed for low back strain, herniated disc at L4-5. In a section of his report entitled current conditions, Dr. Amendt indicated that claimant has had persistent problems with Crohn's disease which are in and of themselves quite debilitating. Dr. Amendt went on to note his physical findings, and found that claimant had reached maximum medical improvement, assessed a thirty-nine percent whole person impairment, concluded that claimant was incapable of returning to his former position of employment and that he is incapable of engaging in sustained remunerative work activity. Dr. Amendt completed an occupational activity assessment wherein he indicated that claimant could sit for zero to three hours a day, could occasionally use foot controls and reach overhead; was unrestricted in his ability to handle objects and to reach at waist level; but completely precluded him from standing, walking, lifting, carrying, pushing, pulling or otherwise moving objects, climbing stairs and ladders, crouching, stooping, bending, kneeling and reaching at knee or floor level.
6. Relator filed a motion requesting permission to depose Dr. Amendt pursuant to Ohio Adm. Code 4121-3-09(A)(6) because Dr. Amendt may have taken into account nonallowed conditions in reaching his conclusion. Relator specifically noted that Dr. Amendt had stated that claimant's persistent problems with Crohn's disease are in and of themselves quite debilitating. The motion also asserted that the deposition was necessary because Dr. Amendt did not specify if claimant was incapable of engaging in sustained remunerative employment solely as a result of the claim in question.
7. Relator's motion to depose Dr. Amendt was heard before a staff hearing officer ("SHO") on October 25, 2000, and resulted in an order denying the motion as follows:
 Following review of the claim file and all relevant evidence, it is the finding of the Staff Hearing Officer that the employer's motion is unreasonable because there is no evidence that Dr. Amendt considered non-allowed conditions. Dr. Amendt mentioned the non-allowed Crohn's disease only as part of his history and claimant's complaints.
 There are no findings in the report to suggest that the Chron's [sic] Disease was considered. Further, Dr. Amendt (who is a frequent Industrial Commission examiner) was advised to base his opinion on only the allowed conditions. Further, there was no substantial disparity between the findings of Dr. Amendt and the findings of other examining physicians, ie. Dr. Fritzhand.
8. Relator's request for reconsideration was denied by order of the commission mailed December 19, 2000.
9. Thereafter, claimant's application for PTD compensation was heard before an SHO on June 26, 2001. The commission granted claimant's request for PTD compensation as follows:
 The Staff Hearing Officer finds that claimant's condition has become permanent and that he is unable to return to his former position of employment as a stock clerk due to the allowed conditions in the claim.
 Dr. Fritzhand, claimant's physician, opined in a report dated 11/29/99 that the claimant is unable to engage in sustained remunerative employment based on the allowed conditions in claim.
 Dr. Amendt, orthopedic specialist, examined the claimant at the request of the Industrial Commission on 4/12/00. Dr. Amendt opined that the claimant is incapable of engaging in sustained remunerative work activity based on allowed conditions in claim. Dr. Amendt opined that the claimant is restricted in sitting to only 0-3 hours in an eight hour workday. Dr. Amendt opined that the claimant should do no lifting of objects weighing up to ten pounds. Dr. Amendt further opined that the claimant should not crouch, stoop, bend and kneel at all. Dr. Amendt also placed severe restrictions on claimant's walking and standing.
 The Staff Hearing Officer finds that the restrictions provided by Dr. Amendt in his medical report are the restrictions the claimant has as a result of the recognized conditions in this claim.
 The Staff Hearing Officer finds that the claimant is an older individual of 59 years of age with a 12th grade education. The Staff Hearing Officer finds that the claimant has worked as a grocery clerk, stock clerk and produce clerk.
 Mr. Larry Kontosh, vocational expert for the Industrial Commission, opined in a report dated 5/26/00 that claimant's work history is unskilled and there are no transferable skills. Mr. Kontosh, opined when accepting the residual functional capacities of Dr. Amendt, that the claimant has no employ-ment options.
 The Staff Hearing Officer finds that given the claimant's age, lack of transferable work skills and the medical restrictions due to the allowed conditions in this claim, the claimant is unable to engage in sustained remunerative employment and is permanently and totally disabled.
10. Relator's request for reconsideration was denied by order of the commission mailed July 21, 2001.
11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
Relator raises two arguments: (1) the commission abused its discretion by relying upon the report of Dr. Amendt who had considered nonallowed conditions; and (2) the commission abused its discretion when it found that there was no substantial disparity between the findings of Dr. Amendt and the findings of other examining physicians such as Dr. Fritzhand. For the reasons that follow, this magistrate disagrees.
Relator is correct in asserting that a doctor's report concerning whether a claimant is permanently and totally disabled must be confined solely to the allowed conditions. In the present case, Dr. Amendt listed the allowed conditions correctly in the beginning of his report. Dr. Amendt listed the diagnostic testing which consisted of a myelogram in August 1985. Under surgical proceedings, Dr. Amendt noted relator's 1985 laminectomy/diskectomy. Later in the report, Dr. Amendt noted relator had the following current conditions:
 The claimant has persistent problems with the Crohn's disease that are in [and] of themselves quite debilitating. In addition, he has persistent pain in the lower back with radiation into the right lower extremity, difficulty bending, stooping, or twisting. He also has difficulty standing or walking for any period of time in excess of 5 to 10 minutes. He ambulates with a cane.
Dr. Amendt then provided his physical findings, listed the diagnosis of low back strain, herniated disc L4-5, and concluded that claimant was incapable of engaging in sustained remunerative work activity. As stated in the findings of fact, Dr. Amendt also completed an occupational activity assessment wherein he listed certain restrictions for claimant.
According to Taber's Cyclopedic Medical Dictionary (1997), Crohn's disease involves inflammation of the bowel and is also referenced as colitis. Symptoms of colitis include: "The passage of offensive watery stools with mucus and pus; abdominal pain, tenderness, or colic; and intermittent or irregular fever are characteristic. Hemorrhage and perforation may occur."
Contrary to relator's assertion, there is nothing in the report of Dr. Amendt that indicates he considered claimant's Crohn's disease in rendering his opinion. Instead, in several places, Dr. Amendt either specifically listed only the allowed conditions or provided additional information pertaining to the allowed conditions, gave restrictions which pertained only to the allowed conditions, and concluded that claimant was incapable of performing any sustained remunerative employment. The mere fact that Dr. Amendt noted that claimant suffers from Crohn's disease and that that disease is in and of itself significantly debilitating, does not remove his report from evidence which can properly be considered by the commission. Even Dr. Chavez noted that claimant suffers from Crohn's disease and that he had surgery related to it. Relator simply has not demonstrated that there is even a possibility that Dr. Amendt considered Crohn's disease in rendering his opinion.
Relator also contends that the commission abused its discretion by denying its motion to depose Dr. Amendt after finding that there was no substantial disparity between his findings and the findings of other examining physicians, such as Dr. Fritzhand. Pursuant to Ohio Adm. Code4121-3-09(A)(6)(d):
 The factors to be considered by the hearing administrator when determining the reasonableness of the request for deposition and interrogatories include whether a substantial disparity exists between various medical reports on the issue that is under contest, whether one medical report was relied upon to the exclusion of others, and whether the request is for harassment or delay. If the request is made by an employer the hearing administrator shall also determine whether the relied-upon medical report(s) considered non-allowed condi-tions.
Relator cites State ex el. Firestone Tire Rubber Co. v. Indus. Comm. (1989), 47 Ohio St.3d 78, in support of its argument. In Firestone, the Ohio Supreme Court noted that when an employer requests the deposition of an examining physician, the employer must demonstrate that nonallowed conditions were considered by the doctor in issuing the opinion. Relator contends that the court indicated that the commission can refuse to allow the deposition of a doctor when the language of the relevant doctor's report makes it clear that nonallowed conditions were not relied on by the physician.
In Firestone, the court reiterated that, the commission's decision to allow the deposition of a physician is discretionary and based on the reasonableness of the movant's request. The court went on to note that the mere discussion of nonallowed conditions is insufficient to support the conclusion that the doctor's finding on disability was improperly based on nonrecognized conditions, especially when the doctor specified otherwise. In the present case, the commission specifically noted that the findings of Drs. Amendt and Fritzhand were similar, and concluded that Dr. Amendt did not consider nonallowed conditions in reaching his conclusion. Likewise, upon review, this magistrate reached the same conclusion. Comparing the objective findings of Drs. Fritzhand, Chavez and Amendt, this magistrate notes the following:

 Fritzhand Chavez Amendt
*ambulates with antalgic *ambulates with limp *antalgic gait favoring
gait with a cane right ("R") leg and uses cane R lower extremity
*straight leg raise diminshed *straight leg extension *straight leg raise on
left ("L") 40°, R 30° refused on R (pain) on L caused pulling
 L 45° feeling in lower back
*flexion: 40° with difficulty *flexion: 20° *flexion: 20°
*extension: 5° *extension: 10° *extension: 5°
*lateral flexion: L 13°, R 5° *lateral flexion: R and L 5° *lateral flexion:
 R and L 10°
 *rotation: R 25°, *rotation:
 L 20° R and L 15°

A comparison of the above objective findings leads to the conclusion that there is no substantial disparity in the doctors' findings.
Based upon a review of his report, the commission did not abuse its discretion in concluding that Dr. Amendt based his opinion solely on the allowed conditions and the commission did not abuse its discretion in denying relator's motion to depose Dr. Amendt. As such, both of relator's arguments fail.
Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion by denying its motion to depose Dr. Amendt and in, thereafter, relying on the report of Dr. Amendt to grant the application of claimant for PTD compensation. As such, this court should deny relator's request for a writ of mandamus.