THE STATE EX REL. ATHEY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Athey v. Indus. Comm.* (2000), 89 Ohio St.3d 473.]

(No. 99–134—Submitted July 25, 2000—Decided August 30, 2000.)

474

*Law Office of Thomas Tootle* and *Thomas Tootle,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Jon D. Grandon,* Assistant Attorney General, for appellee Industrial Commission of Ohio.

*Chester, Willcox & Saxbe, Frank A. Titus* and *John J. Chester, Jr.,* for appellee Elias Brothers Restaurant, Inc.

---

***Per Curiam.*** The court of appeals held that the commission did not abuse its discretion in finding that Athey had constructively elected against receiving IEC compensation. We agree.

Former R.C. 4123.57(A) authorized the payment of IEC compensation, while former division (B) of the statute authorized the payment of PPD compensation. R.C. 4123.57 also required claimants to elect between division (A) compensation and division (B) compensation.[1] Athey argues that she did not make this election until April 9, 1996 when she sent a letter and IC–90 notice of partial disability election form to Elby's. Elby's and the commission argue that Athey gave notice of her election with her September 26, 1995 letter, that Elby's complied with her request by forwarding a check in the appropriate amount to her counsel, and that Athey confirmed her election by cashing the check. As a result, Elby's and the commission insist that the commission properly considered Athey's subsequent IC–90 form as a request to change her initial election.

To resolve this dispute we must again note that the commission is the exclusive evaluator of weight and credibility and that as long as some evidence supports the commission's decision, we will defer to its judgment. *State ex rel. LTV Steel Co. v. Indus. Comm.* (2000), 88 Ohio St.3d 284, 287, 725 N.E.2d 639, 642. Here, the commission might have inferred from Athey's evidence that Elby's surreptitiously locked her into an election by sending her a PPD compensation check without

---

1. R.C. 4123.57 provided, at the time of Athey's injury, in part:

"Partial disability compensation shall be paid as follows, provided, that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section:

"(A) In case of injury or occupational disease resulting in partial disability * * *, the employee shall receive per week sixty-six and two-thirds per cent of the impairment of his earning capacity which results from the injury or occupational disease during the continuance thereof, not to exceed a maximum amount of weekly compensation which is equal to the statewide average weekly wage * * *, but not in a greater sum in the aggregate than seventeen thousand five hundred dollars.

" * * *

"Whenever such application is filed, the [DHO] shall set the application for hearing with written notices to all interested persons. After hearing and determination, the employee shall file his election to receive compensation for partial disability under either division (A) or (B) of this section, and such election may thereafter be changed upon approval of the [DHO] for good cause shown." 138 Ohio Laws, Part I, 1733.

regard to the September 26, 1995 letter and notwithstanding her counsel's April 9, 1996 letter. But it did not. The commission instead credited evidence suggesting that Elby's simply acted in compliance with what reasonably appeared to be Athey's September 26, 1995 request for PPD compensation. In particular, while Athey insists that Elby's did not rely on the September 26 letter and sent the check directly to her rather than to her counsel, the attorney fee notations on the photocopy of the check represent some evidence for the commission's conclusion that her counsel received the check first and then sent it on to Athey. The commission's decision, therefore, is not an abuse of discretion.

Athey also insists that former R.C. 4123.57(A) mandates, in effect, the filing of an IC–90 form to effect the partial disability election. We are not persuaded. As the court of appeals found:

"[N]otices and requests communicated by letter are accepted routinely by the commission in lieu of printed forms. Further, although Ohio Adm.Code 4121–3–02(C) states that printed forms 'should' be used to facilitate prompt adjudications, the rule does not mandate their use exclusively. * * *

"Moreover, it is important to recognize that the commission did not rely solely on [the September 26, 1995] letter. It also relied on the subsequent behavior of claimant, which was consistent with the request in the letter. Claimant accepted the percentage award and paid her attorneys their fee. Her attorneys, aware of the order awarding PPD, accepted their share and did not promptly file a notice of election of IEC compensation."

Neither we nor the court of appeals can substitute our judgment for the commission's in evaluating evidence. Accordingly, the court of appeals' judgment denying a writ of mandamus to vacate the commission's order denying a change of election is affirmed.

*Judgment affirmed.*

Moyer, C.J., Resnick, F.E. Sweeney, Pfeifer, Cook and Lundberg Stratton, JJ., concur.

Douglas, J., concurs in judgment.