[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 473.]

THE STATE EX REL. ATHEY, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Athey v. Indus. Comm*., 2000-Ohio-489.]

*Workers' compensation—Former R.C. 4123.57 required claimants to elect between division (A) compensation, impaired earning capacity compensation, and division (B) compensation, permanent partial disability compensation—Court of appeals' judgment denying writ of mandamus to vacate Industrial Commission's order denying a change of election affirmed.*

(No. 99-134—Submitted July 25, 2000—Decided August 30, 2000.)

APPEAL from the Court of Appeals for Franklin County, No. 97ADP12-1706.

_____

{¶ 1} Appellant, Willa J. Athey, seeks a writ of mandamus to vacate appellee Industrial Commission of Ohio's order denying her request for impaired earning capacity ("IEC") compensation, available under former R.C. 4123.57(A), and to issue an order granting this relief. The Court of Appeals for Franklin County denied the writ, finding that the commission's order was not an abuse of discretion.

{¶ 2} In 1993, Athey applied for permanent partial disability ("PPD") compensation after injuring her knee while working for appellee Elias Brothers Restaurant, d.b.a. Elby's Family Restaurant, Inc. ("Elby's"). In an order dated August 31, 1995, the commission assessed Athey's PPD at seventeen percent and awarded her thirty-four weeks of compensation. Elby's, a self-insurer under the workers' compensation system, did not appeal.

**{¶ 3}** On September 26, 1995, a paralegal employed by Athey's counsel wrote to the administrator of Elby's workers' compensation program asking for Athey's PPD compensation. The letter read, in part:

"Attached, please find copy of District Hearing Officer's order of August 31, 1995, awarding 17% permanent partial disability to be paid through this office. Therefore, it would be appreciated if the award could be calculated at an early date, and mailed to this office for review and delivery to Ms. Athey."

**{¶ 4}** The paralegal enclosed with this letter the completed Bureau of Workers' Compensation form authorizing Athey's attorney to receive her workers' compensation check. The form provided a list of the various types of compensation and required Athey or her counsel to identify the award for which they expected payment. As between "Temporary Partial; impairment of earning capacity" and "% Permanent Partial," Athey authorized her counsel to receive her check for "% Permanent Partial."

**{¶ 5}** Elby's drafted a check dated September 28, 1995 and made payable to Athey for $3,377.22. The check was cashed, and on October 16, 1995, Athey paid her counsel $1,576.63 in attorney fees. A photocopy of Elby's check to Athey includes handwritten notations, signed by someone whose name started with "K," concerning the amount of fees owed to her former attorneys.

**{¶ 6}** About eight months later, on June 13, 1996, Athey's counsel filed a completed IC-90 form with the commission that purported to provide notice of and exercise her formal election to receive partial disability compensation. On this form, Athey advised that she did not want to be paid a PPD award, but instead wanted to be paid IEC compensation. Athey alleges that before filing with the commission, she had tried to exercise her election with Elby's on April 9, 1996 and that she had received no response to her notification letter and IC-90 form. Elby's denies ever receiving this or any notice of election from Athey other than the September 26, 1995 paralegal letter.

**{¶ 7}** A commission district hearing officer ("DHO") initially found that Athey's IC-90 form constituted the original election authorized by former R.C. 4123.57 and that she was entitled to IEC compensation. On Elby's appeal, a staff hearing officer ("SHO") vacated the DHO's order, finding that Athey had constructively elected to be paid PPD compensation by requesting this payment with the September 26, 1995 letter and having already received and cashed Elby's check. The SHO went on to construe Athey's IC-90 form as a change of election under former R.C. 4123.57 and to find that Athey was unable to prove the requisite unforeseen change of circumstances justifying a change of election. Consequently, the SHO denied Athey's request for IEC compensation.

**{¶ 8}** Upon the commission's refusal of her appeal, Athey filed this action in the court of appeals. The cause is now before this court upon an appeal as of right.

_____

*Law Office of Thomas Tootle* and *Thomas Tootle*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Jon D. Grandon*, Assistant Attorney General, for appellee Industrial Commission of Ohio.

*Chester, Willcox & Saxbe, Frank A. Titus* and *John J. Chester, Jr.*, for appellee Elias Brothers Restaurant, Inc.

_____

***Per Curiam.***

**{¶ 9}** The court of appeals held that the commission did not abuse its discretion in finding that Athey had constructively elected against receiving IEC compensation. We agree.

**{¶ 10}** Former R.C. 4123.57(A) authorized the payment of IEC compensation, while former division (B) of the statute authorized the payment of PPD compensation. R.C. 4123.57 also required claimants to elect between division

(A) compensation and division (B) compensation.[1]  Athey argues that she did not make this election until April 9, 1996 when she sent a letter and IC-90 notice of partial disability election form to Elby's.  Elby's and the commission argue that Athey gave notice of her election with her September 26, 1995 letter, that Elby's complied with her request by forwarding a check in the appropriate amount to her counsel, and that Athey confirmed her election by cashing the check.  As a result, Elby's and the commission insist that the commission properly considered Athey's subsequent IC-90 form as a request to change her initial election.

{¶ 11} To resolve this dispute we must again note that the commission is the exclusive evaluator of weight and credibility and that as long as some evidence supports the commission's decision, we will defer to its judgment.  *State ex rel. LTV Steel Co. v. Indus. Comm.* (2000), 88 Ohio St.3d 284, 287, 725 N.E.2d 639, 642.  Here, the commission might have inferred from Athey's evidence that Elby's surreptitiously locked her into an election by sending her a PPD compensation check without regard to the September 26, 1995 letter and notwithstanding her counsel's April 9, 1996 letter.  But it did not.  The commission instead credited evidence suggesting that Elby's simply acted in compliance with what reasonably appeared to be Athey's September 26, 1995 request for PPD compensation.  In

1. R.C. 4123.57 provided, at the time of Athey's injury, in part:
    "Partial disability compensation shall be paid as follows, provided, that an employee may elect as between divisions (A) and (B) of this section as to the manner of receiving the compensation set forth in this section:
    "(A)  In case of injury or occupational disease resulting in partial disability * * *, the employee shall receive per week sixty-six and two-thirds per cent of the impairment of his earning capacity which results from the injury or occupational disease during the continuance thereof, not to exceed a maximum amount of weekly compensation which is equal to the statewide average weekly wage * * *, but not in a greater sum in the aggregate than seventeen thousand five hundred dollars.
    " * * *
    "Whenever such application is filed, the [DHO] shall set the application for hearing with written notices to all interested persons.  After hearing and determination, the employee shall file his election to receive compensation for partial disability under either division (A) or (B) of this section, and such election may thereafter be changed upon approval of the [DHO] for good cause shown."  138 Ohio Laws, Part I, 1733.

particular, while Athey insists that Elby's did not rely on the September 26 letter and sent the check directly to her rather than to her counsel, the attorney fee notations on the photocopy of the check represent some evidence for the commission's conclusion that her counsel received the check first and then sent it on to Athey. The commission's decision, therefore, is not an abuse of discretion.

{¶ 12} Athey also insists that former R.C. 4123.57(A) mandates, in effect, the filing of an IC-90 form to effect the partial disability election. We are not persuaded. As the court of appeals found:

"[N]otices and requests communicated by letter are accepted routinely by the commission in lieu of printed forms. Further, although Ohio Adm.Code 4121-3-02(C) states that printed forms 'should' be used to facilitate prompt adjudications, the rule does not mandate their use exclusively. * * *

"Moreover, it is important to recognize that the commission did not rely solely on [the September 26, 1995] letter. It also relied on the subsequent behavior of claimant, which was consistent with the request in the letter. Claimant accepted the percentage award and paid her attorneys their fee. Her attorneys, aware of the order awarding PPD, accepted their share and did not promptly file a notice of election of IEC compensation."

{¶ 13} Neither we nor the court of appeals can substitute our judgment for the commission's in evaluating evidence. Accordingly, the court of appeals' judgment denying a writ of mandamus to vacate the commission's order denying a change of election is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.

_____