[This decision has been published in *Ohio Official Reports* at 92 Ohio St.3d 232.]

THE STATE EX REL. SCIOTO METALS, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Scioto Metals, Inc. v. Indus. Comm.*, 2001-Ohio-182.]

*Workers' compensation—Mandamus sought to compel Industrial Commission to vacate its order granting relator's application alleging employer's violation of specific safely requirements—Denial of writ by court of appeals affirmed—Where some evidence supports the commission's order, it cannot be disturbed in mandamus as an abuse of the commission's discretion.*

(No. 00-798—Submitted June 20, 2001—Decided July 11, 2001.)

APPEAL from the Court of Appeals for Franklin County, No. 99AP-82.

_____

*Per Curiam.*

{¶ 1} Scioto Metals, Inc. ("Scioto Metals"), appellant, sought a writ of mandamus to compel appellee Industrial Commission of Ohio ("commission") to vacate its order granting appellee Grant E. Reese's application alleging Scioto Metals's violation of specific safety requirements ("VSSRs"). The Court of Appeals for Franklin County denied the writ, finding that the commission's order was based on evidence of record and therefore was not an abuse of discretion. On Scioto Metals's appeal as of right, we affirm.

{¶ 2} Reese was injured in 1996 while operating a metal-cutting machine for Scioto Metals. His gloved left hand, wrist, and forearm were drawn into the machine by in-running rollers, and the rollers caught his hand and forearm. When Reese attempted to reach the disengage control about four or five feet away, his limb was lacerated by power-driven knives designed to slice metal. Reese's screams alerted a co-worker who shut off the machine, but Reese was stuck for

nearly thirty minutes while someone used a forklift to pry apart the arbors that housed the blades.

**{¶ 3}** Reese's workers' compensation claim was recognized as compensable for "open wound left wrist, complications; amputation of finger, left, complication (NOS ["not otherwise specified"]); open wound of finger, left, with tendon (NOS)." Reese moved for additional compensation, alleging that Scioto Metals had violated Ohio Adm.Code 4121:1-5-05(D)(1) (controls to disengage power supply must be within easy reach of the machine operator) and 4121:1-5-11(D)(10)(a) (means required to protect employee exposed to contact with nip points created by power driven in-running rolls), along with another specific safety requirement. The commission found that Scioto Metals had committed these two identified VSSRs, and, as the court of appeals did before us, we find no abuse of discretion.

**{¶ 4}** Where some evidence supports the commission's order, it cannot be disturbed in mandamus as an abuse of the commission's discretion. *State ex rel. Yancey v. Firestone Tire & Rubber Co.* (1997), 77 Ohio St.3d 367, 673 N.E.2d 1374. And contrary to Scioto Metals's two propositions of law, evidence in this record supports the commission's conclusions that it violated Ohio Adm.Code 4121:1-5-11(D)(10)(a) and 4121:1-5-05(D)(1), causing Reese's injuries.

**{¶ 5}** Reese attested that his hand was initially caught between the arbors but not in the part holding the blades, and hospital records permit the commission's inference that Reese's left hand and wrist were crushed as a result. Reese also attested that his hand was pulled into and sliced by the bladed portion of the arbors when he attempted to reach for the on/off switch to disengage the machine. This evidence, as well as the medical records documenting Reese's lacerations, is more than sufficient to justify the commission's two VSSR findings.

**{¶ 6}** The commission is the evaluator of evidentiary weight and credibility, and neither we nor the court of appeals can substitute our judgment for the

commission's in making those determinations. *State ex rel. Athey v. Indus. Comm.* (2000), 89 Ohio St.3d 473, 475, 733 N.E.2d 589, 591. The commission legitimately found Scioto Metals in violation of Ohio Adm.Code 4121:1-5-11(D)(10)(a) and 4121:1-5-05(D)(1), and the court of appeals thus properly denied a writ of mandamus. The court of appeals' judgment is therefore affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

—————————

*Gibson & Robbins-Penniman* and *J. Miles Gibson*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Gerald H. Waterman*, Assistant Attorney General, for appellee Industrial Commission.

*Agee, Clymer, Mitchell & Laret* and *Joffre S. Laret*, for appellee Reese.

—————————