THE STATE, EX REL. GENERAL MOTORS CORP., FISHER BODY CLEVELAND DIV., APPELLANT, *v.* INDUSTRIAL COMM. OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. General Motors, v. Indus. Comm. (1976), 47 Ohio St. 2d 244.]

(No. 75-208—Decided July 28, 1976.)

246

Messrs. *Baughman & Hayes* and Mr. *Kenneth F. Seminatore,* for appellant.

Mr. *William J. Brown,* attorney general, Mr. *Michael J. Hickey,* Mr. *J. Michael Monteleone,* and Mr. *Jack H. Cook,* for appellee Industrial Commission.

Ms. *Alfia Miano Bourne* and Mr. *John R. Barrett,* for appellee Leo T. Murphy.

PAUL W. BROWN, J.

I.

Initially, we must determine whether R. C. 4121.20 or 4123.09, or both, govern the taking of depositions in work-

men's compensation proceedings before the Industrial Commission.

R. C. 4121.20 provides:

"The Industrial Commission or any party may in any investigation cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for like depositions in civil actions."

R. C. 4123.09 provides:

"In claims filed before the Industrial Commission by injured employees and the dependents of killed employees. on account of injury or death sustained by such employees. in the course of their employment, the commission may cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for the taking of depositions in civil actions in the Court of Common Pleas."

The Court of Appeals, in denying appellant's complaint for a writ of mandamus, concluded that R. C. 4121.20 confers authority upon an employer to take depositions of medical examiners at any time prior to the evidentiary hearing on a claimant's application. The court stated, in part:

"[T]here is no prohibition in the code as to the employer taking the depositions of any examining physicians. As a matter of fact, R. C. 4121.20 provides that any party may take a deposition as long as it is taken in the manner prescribed by law. So, therefore, we hold that the relator could have, within the proper time, taken the depositions of the examining physicians and made such depositions a part of the record herein for submission to the commission for its final determination on the extent of permanent partial disability. * * *"[1]

However, an examination of the legislative history of R. C. 4121.20 indicates otherwise.

Ohio's first Workmen's Compensation Act was passed

[1] In the Court of Appeals, the commission argued that appellant had authority to depose witnesses under R. C. 4121.20. In this court, the commission reverses itself, arguing that appellant does not have that authority.

by the General Assembly in 1911 (102 Ohio Laws 524). The act created a State Liability Board of Awards, and gave that board the duty to establish and administer a state insurance fund for the benefit of injured employees, and for the dependents of killed employees.

In 1913, subsequent to the adoption of Section 35, Article II of the Ohio Constitution (entitled "Workmen's Compensation"), legislation was passed to further define the powers, duties and jurisdiction of the State Liability Board of Awards (103 Ohio Laws 72). Participation by employers, previously optional, was made mandatory.

Later in 1913, legislation known as the Ohio Safety Code was enacted, creating the Industrial Commission of Ohio, and vesting that commission with broad authority over factory and mine safety. The act also transferred to the newly-created commission "all of the duties of the State Liability Board of Awards, provided in and by * * * [the Workmen's Compensation Act]." (103 Ohio Laws 95, Section 12.) As we observed in *Gatton* v. *Indus. Comm.* (1915), 93 Ohio St. 203, 206, "[t]he manifest purpose of this enactment was to create one single Industrial Commission, an administrative board, which should perform the duties of the different officers and boards referred to. * * * [However,] [t]here is nothing in the act * * * which enlarges or diminishes the rights of employees under the [Workmen's Compensation] act of May 31, 1911, and the act amendatory thereof."

In 1917, the General Assembly passed legislation (107 Ohio Laws 157) "cleaning up" various portions of the Safety Code and the Workmen's Compensation Act.

With specific reference to R. C. 4121.20 and 4123.09:

R. C. 4123.09, formerly G. C. 1465-50, was adopted by the General Assembly in 1911 as Section 14 of the original Ohio Workmen's Compensation Act. The section was not changed by the 1913 amendments to the act. Prior to 1917, the section provided that depositions might be taken "in an investigation." In 1917, the section was amended to read, "[I]n claims filed before the Industrial Commission of Ohio by injured and the dependents of killed employees on ac-

250

count of injury or death sustained by such employees in the course of their employment, said commission may cause depositions * * * to be taken * * *."

R. C. 4121.20, formerly G. C. 871-32, was adopted by the General Assembly in 1913, as Section 32 of the Safety Code. The section provided, "[T]he commission or any party may in any investigation cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for like depositions in civil actions." It remains today, in language substantially unchanged, among those general provisions which govern activity of the Industrial Commission while overseeing the enforcement of laws relative to factory and mine safety.

By amending R. C. 4123.09, so as to apply it specifically to workmen's compensation proceedings, the legislature evinced its clear intention that R. C. 4123.09, not R. C. 4121.20, govern depositions in those proceedings. This court has consistently so interpreted the interrelationship between R. C. Chapters 4121 and 4123.

In *State, ex rel. Nichols,* v. *Gregory* (1935), 130 Ohio St. 165, petitioner sought a writ of mandamus in the Court of Appeals, to order the Industrial Commission to reconsider his claim in a workmen's compensation proceeding. The Court of Appeals dismissed the petition, construing G. C. 871-40 (part of the Safety Code) as conferring upon the Supreme Court exclusive jurisdiction to "issue writs of mandamus reviewing, annulling or otherwise interfering with orders made by the Industrial Commission in compensation cases." *Nichols,* at page 167. We reversed, stating, at pages 168-169:

"Section 871-40, General Code, is part of an act entirely separate and distinct from that governing procedure relating to awards in compensation cases. * * *

"We therefore hold that the provisions of Section 871-40, General Code, stipulating in substance that no court of this state, except the Supreme Court to the extent specified in that act, shall have jurisdiction to review or otherwise interfere with orders of the Industrial Commission, apply, not to orders made in cases arising under the Work-

men's Compensation Law, but to orders made by the Industrial Commission under Sections 871-1 to 871-45, General Code, comprising the act known as the Safety Code * * *."

Earlier, in *Pittsburg Coal Co. v. Indus. Comm.* (1923), 108 Ohio St. 185, we construed G. C. 871-38 (part of the Safety Code), stating, at page 188:

"This section is part of the Industrial Commission Act, passed March 12, 1913 (103 Ohio Laws 95), and an examination thereof discloses that it is wholly independent in its purposes and remedies from the Workmen's Compensation Act, passed February 26, 1913, although contained in the same volume of the session reports."

See, also, *Gatton v. Indus. Comm., supra* (93 Ohio St. 203); *Bowes v. Indus. Comm.* (1930), 123 Ohio St. 155; *United States Wall Paper Co. v. Indus. Comm.* (1937), 132 Ohio St. 372; *Copperweld Steel Co. v. Indus. Comm.* (1944), 142 Ohio St. 439.

We hold that R. C. 4123.09, alone, governs the taking of depositions in a workmen's compensation proceeding, and that R. C. 4121.20 is inapplicable thereto.

## II.

R. C. 4123.09 vests the Industrial Commission with authority to allow the taking of depositions. It does not require the commission to do so.

Appellant contends that the denial of its motion to depose Drs. Weigel and Friemann constitutes a gross abuse of discretion, for which a writ of mandamus will lie.[2]

We agree.

The disparity between the reports of the various physicians who examined this claimant is substantial. The original record of proceedings, filed by the Industrial Commission discloses that the attorney-examiner, in framing his tentative order, considered only the medical reports of Drs. Weigel and Friemann, to the exclusion of those filed by Drs. Katz and Koenigshoff. Most importantly, appellant con-

---

[2]Appellant has no adequate remedy at law. The instant proceeding before the commission being one to determine the extent of disability, no appeal therefrom will lie. R. C. 4123.519.

tends that Drs. Weigel and Friemann relied, in computing the percentage of claimant's disability, upon conditions caused by other than claimant's allowed industrial injury.

Upon this record,[a] we find appellant's argument persuasive. Only by allowing depositions of Drs. Weigel and Friemann will the commission be able to ascertain with certainty whether the conclusions of those physicians as to the extent of claimant's disability were made in accord ance with the law.

The commission argues that appellant's motion to take depositions was not timely filed, and that appellant's right to depose witnesses was, therefore, waived. The contention is without merit. At the time of appellant's motion, no final order had been entered with respect to claimant's application for increased benefits. The entry filed by the commis-

---

[a]Dr. Weigel's report stated, in part:

"*Objective Findings*: Examination of the neck reveals tenderness to digital pressure with palpable muscle spasm of the posterior cervical, upper dorsal and inner border of the trapezius. Neck motions of flexion, extension, rotation and deviation are moderately restricted. Cranial nerves are intact. Shoulder motions of flexion, abduction, elevation and rotation are moderately restricted. Notes pain placing hands behind head and back. There is atrophy of the left deltoid due to polio as a child. There is hypesthesia to pin prick radial sensory segment of right forearm and hand. He has weakness of grip of both hands. Reflexes are normal.

"*Diagnosis*: Chronic myofascitis of posterior cervical, upper thoracic and trapezius muscles with radiculitis possibly of discogenic origin or brachial plexus, and aggravation of pre-existing osteoarthritis of cervical spine.

"*Disability*: From the objective findings, in my opinion, there is a permanent partial disability of 30%."

Dr. Friemann's report stated, in part:

"*Examination*: Revealed a slight dorsal kyphosis on the upper dorsal area. Ther [*sic*] cervical lordosis was flattened. He had a tenderness in the lower cervical area with markedly reduced motion range and a narrowing between the C5-C6 vertebras, due to secondary arthritic changes. Patient had weakness in his right upper extremity. There was no muscle atrophy or any evidence of a nerve compression. Reflexes and sensation were normal.

"*Opinion*: His permanent partial disability is low degree, approximately 25% under paragraph 'B.'"

sion which overrules appellant's motion makes no reference to timeliness. In fact, appellant asserts, with supporting documentation, that the commission routinely overrules *all* motions to depose witnesses, regardless of the merit thereof.[4]

All parties to this cause have discussed at length the possible adverse effect upon proceedings before the commission if, subsequent to our holding in this cause, the taking of depositions in connection with claims filed with the commission becomes commonplace. Appellant argues, with some logic, in favor of a flexible procedure which would allow depositions to be taken after the announcement of a tentative order, but prior to entry of a final order. Such a procedure, appellant contends, would reduce substantially the number of cases in which the taking of a deposition or depositions would be necessary. Otherwise, appellant asserts, both employers and employees will be required to depose medical examiners prior to the evidentiary hearing upon a pending claim, which depositions might, in light of the commission's subsequent disposition of the claim, prove unnecessary.

These are matters, however, which the Industrial Commission, not this court, is best positioned to evaluate. It is the commission's responsibility to formulate the procedure to be followed with regard to motions to depose witnesses in connection with workmen's compensation claims.

The judgment of the Court of Appeals is reversed. The writ of mandamus shall issue as prayed.

*Writ allowed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE and W. BROWN, JJ., concur.

---

[4] Such a policy, if conclusively proven, would raise serious questions under the Ohio and federal Constitutions.