THE STATE, EX REL. CONSOLIDATION COAL COMPANY, APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

(No. 78-375—Decided May 9, 1979.)

128

*Messrs. Kinder, Kinder & Hanlon* and *Mr. Gerald P. Duff,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Solomon Hertzel Basch,* for appellee Industrial Commission.

*Mr. Paul A. Pachuta,* for appellee Frank W. Hall.

*Per Curiam.* The instant cause having originated in the Court of Appeals, this court is obligated, pursuant to Section 2, Article IV of the Ohio Constitution to review it. Having done so, we find no merit in relator's appeal. The

issue presented here is whether the commission's finding of total disability is unsupported by any evidence in the record, resulting in an abuse of discretion subject to correction by an action in mandamus. *State, ex rel. General Motors Corp., v. Indus. Comm.* (1975), 42 Ohio St. 2d 278, 282-283; *State, ex rel. Haines, v. Indus Comm.* (1972), 29 Ohio St. 2d 15, 16. However, this court has quite clearly held that the commission does not abuse its discretion where the record contains sufficient evidence to support its factual findings. *State, ex rel. Rockwell Internat., v. Indus. Comm.* (1976), 45 Ohio St. 2d 96, 97-98; *State, ex rel. General Motors Corp., supra,* at page 283. See, also, *State ex rel. Moon, v. Daugherty* (1979), 57 Ohio St. 2d 17; *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128; *State, ex rel. Stuber,* v. *Indus Comm.* (1933), 127 Ohio St. 325. Therefore, only where there is no evidence of probative value in the record will a writ of mandamus be granted. A review of the record reveals that the finding of the commission is supported by evidence of probative value.

The judgment of the Court of Appeals is, therefore, affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES, J., not participating because he was a Judge of the Court of Appeals which heard the case.