[THE STATE, EX REL.] WILLIAMS, APPELLEE, *v.* MOODY'S OF DAYTON, INC.; INDUSTRIAL COMMISSION OF OHIO, APPELLANT.

[Cite as Williams *v.* Moody's of Dayton (1982), 1 Ohio St. 3d 238.]

(No. 81-1354—Decided August 18, 1982.)

*E. S. Gallon Co., L.P.A., Mr. Jeffrey V. Nackley* and *Mr. John A. Cervay,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas E. Skilken,* for appellant.

CLIFFORD F. BROWN, J. The issue presented herein is whether the Industrial Commission abused its discretion in denying appellee an opportunity to depose Dr. Brown. For the following reasons we hold that it did.

R.C. 4123.09 provides as follows:

"In claims filed before the industrial commission by injured employees and the dependents of killed employees on account of injury or death sustained by such employees in the course of their employment, the commission *may cause depositions* of witnesses residing within or without the state *to be taken* in the manner prescribed by law for the taking of depositions in civil actions in the court of common pleas." (Emphasis added.)

Thus, although the Industrial Commission is under no mandatory duty to grant a motion for the taking of depositions in every instance, such discretionary authority must be reasonably exercised. In recognizing the applicability of R.C. 4123.09 to a Workers' Compensation proceeding before the Industial Commission, this court in *State, ex rel. General Motors,* v. *Indus. Comm.* (1976), 47 Ohio St. 2d 244 [1 O.O.3d 141], held that the Industrial Commission abused its discretion in denying a timely motion to take depositions of two physicians whose reports were the basis of the commission's findings. In so doing, the court articulated the following rule at paragraph two of the syllabus:

"[1] Where, upon application to the Industrial Commission by a claimant for an increase in disability benefits, the disparity between the reports filed by the physicians who examined the claimant is substantial; and [2] where the original record of proceedings filed by the commission discloses that the attorney-examiner, in framing his tentative order, considered the reports

filed by two physicians, to the exclusion of those filed by two other physicians; and [3] where the reports which were considered disclose, upon their face, the possibility that conditions caused by other than the claimant's allowed industrial injury were considered in computing the percentage of the claimant's disability, it is an abuse of discretion to deny a motion to take depositions of the two physicians whose reports were considered, so as to ascertain whether the conclusions contained in those reports were made in accordance with the law."

Both parties to this action concede that a "substantial disparity" existed between Dr. Connors' conclusion that appellee is temporarily and totally disabled and Dr. Brown's opinion that appellee suffers from a 60 percent temporary partial disability.[2] However, appellant argues that the record is devoid of any evidence indicating: (1) that Dr. Connors' medical report was excluded from consideration, or (2) that the physicians' reports considered conditions not previously recognized.

A literal reading of the law as announced in the syllabus of *General Motors, supra,* would lead to the conclusion that the appellant's contention is correct. However, this court did not intend that the specific factual circumstances set forth in that syllabus be the *only* basis upon which the allowance of a motion for deposing an examining physician would be warranted. Indeed, were *General Motors* to be strictly construed, it would be virtually impossible for a claimant to ever prevail on a motion for depositions.

First, the requirement that the commission must specifically rely on one medical report to the exclusion of all others becomes meaningless in view of the typically broad language employed by the commission in its orders.[3] Second, the requirement that, in computing the percentage of disability, the examining physician considered non-allowable injuries, would be applicable only if the employer were requesting the deposition since it is highly unlikely that a *claimant* would ever assert as error the inclusion of non-allowable injuries. On the contrary, as a practical matter, the claimant is most often put in the position of asserting that the examining physician failed to properly evaluate the recognized conditions. If the spirit of the *General Motors* decision is to be followed, a more flexible standard must be recognized which would be equally viable from the commission's, the employer's, and the claimant's standpoint. The determinative factors to be evaluated are: (1) the existence of a substantial disparity between the varying reports and (2) the apparent reliance on one physician's report to the exclusion of others. We therefore

---

[2] A "substantial disparity" is defined at Ohio Adm. Code 4121-3-15 (C)(3)(c) as a "fifteen per cent or more difference."

[3] It is customary for the commission to conclude its reports with catch-all phrases such as "Based on the evidence in the file and/or evidence adduced at the hearing * * *" or "Upon review of the entire record * * *." In this case, the report contained comparable words: "Compensation award based upon the medical reports of Drs. Wright, Landis, Grate, Weiss, Connors, James, Staddon, Kramer and Brown."

hold that where a substantial disparity exists in the reports of examining physicians and it appears that the Industrial Commission's award was predicated on one report to the exclusion of others, it is an abuse of discretion to deny the taking of a deposition of that physician on whose report the commission relied.

As has been stated, a substantial disparity existed between the report of Dr. Connors (100 percent) and Dr. Brown (60 percent). The first prong of the test is therefore satisfied. We now turn our attention to the second: whether the Industrial Commission's award was predicated solely on the findings contained in Dr. Brown's report to the exclusion of Dr. Connors'.

In the present case, the commission's order did not, on its face, indicate reliance upon one physician's report to the exclusion of others. Rather, the examiner's order merely recited the name of every physician who submitted a report. However, the *only* report indicating a 60 percent temporary partial disability was that of Dr. Brown. The only reasonable inference to be drawn therefore is that the district hearing officer did, in fact, exclude from his consideration Dr. Connors' opinion that the claimant was temporarily totally disabled.

One further point must be made. The fact that a temporary disability claim is at issue rather than a permanent disability claim is of no consequence, nor is the fact that the Industrial Commission has no rule pertaining specifically to the deposing of doctors who submit reports on temporary total or temporary partial disability claims. *General Motors, supra,* did not make a distinction between temporary and permanent claims and we see no reason to do so now. Whether the claimed disability is permanent or temporary, from the claimant's standpoint the benefits are substantial. As was stated by the Court of Appeals: "Temporary total disability is not limited in time[4] and is an important benefit to the disabled workman."

In *General Motors, supra,* at page 253, this court urged the commission to assume its responsibility "to formulate the procedure to be followed with regard to motions to depose witnesses in connection with workmen's compensation claims." The commission has partially complied with this mandate by promulgating Ohio Adm. Code. 4121-3-09 (B)(5) and 4121-3-15 (C)(3)(b) which deal with permanent disability claims. However, unless and until the commission completes its duty to outline the procedures to be employed when a temporary disability claim is at issue, hearing officers will be seemingly free to exercise unbridled discretion and utilize nebulous and arbitrary standards.[5]

In sum, the 40 percent disparity at issue in the present case resulted in a substantial reduction in weekly benefits designed as a substitute for regular

---

[4] The change in benefits from temporary total disability under R.C. 4123.56 to temporary partial disability which is controlled by R.C. 4123.57(A) results in the imposition of a $17,500 limit on the benefits to be received.

[5] This is exemplified by the hearing officer's order in the cause *sub judice* wherein appellee's motion was denied as not being "absolutely essential to a fair adjudication of the claim."

earnings. Moreover, it is clear that in reaching its decision the Industrial Commission relied solely on Dr. Brown's report. We therefore find that under these circumstances, a reasonable need existed for taking Dr. Brown's deposition and the Industrial Commission abused its discretion when it denied the claimant the opportunity to do so.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY and LOCHER, JJ., concur.

HOLMES and KRUPANSKY, JJ., dissent.

HOLMES, J., dissenting. R.C. 4123.09 vests the Industrial Commission with authority to allow the taking of depositions. It does not require the commission to do so. *State, ex rel. General Motors,* v. *Indus Comm.* (1976), 47 Ohio St. 2d 244 [ 1 O.O.3d 141]. The facts present in that case were found by the court to be a proper showing of an indicia of need which was supportive of the allowance of the motion for deposing the physician. Such indicia were that: (1) the disparity between the reports filed by the physicians who examined the claimant is substantial; (2) where the original record of proceedings filed by the commission discloses that the attorney-examiner, in framing his tentative order, considered the reports filed by two physicians, to the exclusion of those filed by two other physicians; and (3) where the reports which were considered disclose, upon their face, the possibility that conditions caused by other than the claimant's allowed industrial injury were considered in computing the percentage of the claimant's disability.

As to the standards or criteria warranting the allowance of a motion for deposing an examining physician in a proceeding before the Industrial Commission, this court did not intend that the statements in the syllabus of *General Motors, supra,* be exclusive, or all inclusive. Rather, these were the indicia found in that case to warrant the granting of the motion to depose. I believe that in a given case other facts may reasonably warrant the granting of such a motion.

However, the court in that case found, as hereinbefore quoted, three basic elements that were supportive of granting the motion: one, substantial disparity in the reports of the examining physicians; two, the record disclosed that only certain of the physicians' reports were reviewed by the examiner to the exclusion of others; and, three, what the author of the opinion found to be most important was the fact that the physicians' reports which were relied upon by the commission computed the percentage of claimant's disability upon conditions caused by other than claimant's allowed industrial injury.

I may contrast the facts of this case to those as found in the record of *General Motors.* Here, there is found a substantial disparity between the report of Dr. Connors, which concludes that the appellee is temporarily and

totally disabled, and the report of Dr. Brown, which concludes that appellee suffers from a 60 percent temporary partial disability. Therefore, the first criteria of *General Motors* may be said to be satisfied, but there the similarity of the cases terminates.

Here, unlike *General Motors,* the record is devoid of evidence indicating that any of the medical reports were excluded from consideration. To the contrary, the district hearing officer's report shows that his order was based upon "the medical reports of Drs. Wright, Landis, Grate, Weiss, Connors, James, Staddon, Kramer and Brown," who apparently were all of the physicians, examining and non-examining, that were involved with the subject claim of the appellee, Williams.

Further, in this case there is no claim, nor evidence, indicating that the physicians' reports reviewed by the commission considered conditions not previously recognized. Therefore, the only factor contained in *General Motors* and found herein is that of the substantial disparity of the reports.

The issues presented within medical claims for workers' compensation are often factual issues, and the reasonable need for taking a deposition, which may be considered as a substitute for cross-examination, may well arise. In order to assure a fair and accurate resolution of these matters, a motion for deposition should be granted where there are sufficient specific indicia present in the particular proceeding before the commission to warrant the granting of such, as was found by this court to be present in *General Motors.*

As stated previously, the criteria or standards set forth in *General Motors* upon which this court agreed that a deposition should be granted are not exclusive. However, in all cases a reasonably compelling need must be shown for the granting of such motion, and the showing of a substantial disparity alone may not always, in the exercise of the sound discretion of the commission, provide sufficient reason for granting the motion to depose the examining physicians.

The relator-appellee seeks a writ of mandamus upon the basis that the Industrial Commission has abused its discretion in not granting the motion to depose the examining physician. As stated hereinbefore, there is an absence of a showing that there were any other factors other than a disparity of the reports which would be supportive of his motion.

This court has repeatedly held that the Industrial Commission does not abuse its discretion, and mandamus will not issue, where the record contains sufficient evidence to support its factual finding. *State, ex rel. Consolidation Coal Co.,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 127 [12 O.O.3d 126]; and *State, ex. rel. Rockwell Internatl.,* v. *Indus. Comm.* (1976), 45 Ohio St. 2d 96 [74 O.O.2d 203].

Since I conclude that the Industrial Commission did not abuse its discretion in this matter, the judgment of the Court of Appeals should be reversed and the writ of mandamus vacated.

KRUPANSKY, J., concurs in the foregoing dissenting opinion.