DECISION
Relator, Joyce B. Kennedy, commenced this original action requesting a writ of mandamus that orders respondent Industrial Commission of Ohio to vacate its order that denied her application for permanent total disability compensation, to vacate its order denying relator's motion to depose Dr. Perry, and to order the commission to issue a new order, either granting or denying the requested compensation in accordance with law.
Pursuant to Civ.R. 53 and Section (M), Loc.R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision (attached as Appendix A), including findings of fact and conclusions of law. In the decision the magistrate concluded that the commission did not abuse its discretion in (1) denying relator's motion to depose Dr. Perry, (2) permitting a staff hearing officer, rather than the hearing administrator, to decide the motion, and (3) relying on the report of Dr. Perry to deny relator's application for permanent total disability compensation.
Relator has filed an objection to the magistrate's decision and reargues her contentions about deposing Dr. Perry, a matter adequately addressed in the decision. Specifically, the staff hearing officer, in comparing the reports of Drs. Perry and McCafferty, noted the objective findings were very similar; the doctors simply reached different conclusions. As the magistrate observed, if the ultimate conclusions in medical reports were sufficient to establish a "substantial disparity," the requisite disparity would exist in many, if not most, cases. Rather, the relevant inquiry here is whether the doctors' findings are substantially different. Because here they are not, relator's objection is overruled.
Following independent review pursuant to Civ.R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it, with one exception: the reference in finding of fact No. 9 of the magistrate's decision to "relator's request for TTD (temporary total disability compensation)" is changed to "relator's request for PTD (permanent total disability compensation)." In accordance with the magistrate's decision, the requested writ is denied.
Objection overruled; writ denied.
PETREE and DESHLER, JJ., concur.
 APPENDIX A IN MANDAMUS
Relator, Joyce B. Kennedy, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied her application for permanent total disability ("PTD") compensation, vacating its order denying relator's motion to depose Dr. Perry, and ordering the commission to issue an order, either granting or denying the requested compensation in accordance with law.
Findings of Fact:
1. Relator sustained a work-related injury on August 16, 1989, and her claim has been allowed for: "Strain/sprain and contusion of lumbosacral spine and left groin area; depression."
2. On March 26, 1999, relator filed an application for PTD compensation.
3. Relator's application was supported by the January 15, 1999 report of Dr. Francis L. McCafferty, who opined as follows:
 On the basis of the AMA Guide To Evaluation Of Permanent Impairment, 4th Edition, Chapter 14, Page 301, the subject has moderately severe impairment in her affect and behavior, moderate impairment in her activities of daily living, mild to moderate impairment in concentration and moderate impairment in her adaptation. There are no deficits in thinking nor in perception. Her judgment is intact. She has moderate changes in her adult adaptive activities and moderate changes in socialization.
 Because of the subject's depression recognized by the Industrial Commission which is directly related to the industrial injury of 8/16/89, Mrs. Joyce Kennedy, is suffering from a chronic depression that renders her permanently and totally disabled. She will be unable to return to any type of sustained remunerative gainful employment.
4. On June 11, 1999, relator was examined by Dr. Joseph P. Perry, who issued a report opining that relator's condition of depression had reached maximum medical improvement, assessed a fifteen percent whole person impairment, and concluded that relator's depression alone would not impair her from returning to her former position of employment or performing other types of employment.
5. Relator was also examined by Dr. Richard J. Reichert, who opined that relator's allowed physical conditions had reached maximum medical improvement, assessed a five percent whole person impairment, opined that relator was capable of performing her former position of employment based on objective findings related to the allowed conditions, opined further that relator was capable of performing sustained remunerative work activity based upon her physical conditions, and completed an occupational activity assessment indicating that relator was unrestricted in all categories.
6. Relator's application was heard before a staff hearing officer ("SHO") on July 7, 1999. The SHO issued a tentative order denying relator's application based upon the reports of Drs. Perry and Reichert, who had opined that relator was capable of returning to her former position of employment.
7. On July 9, 1999, relator filed a motion to depose Dr. Perry. Relator's motion provided as follows:
 The claimant is hereby requesting to take the deposition of Joseph Perry, Ph.D., ABPP, Licensed Psychologist, OH# 1947 pursuant to ORC 4123-3-09(A)(6).
 * * * We first received the medical report of Dr. Perry by mail on June 29, 1999;
 * * * The deposition is needed due to historical and factual errors in Dr. Perry's report;
 * * * Claimant and her representative will pay for all costs of the deposition (court reporter and Dr. Perry's fee);
 * * * Claimant and her representative will file a copy of the deposition with the Industrial Commission and the Bureau of Workers' Compensation.
8. On September 7, 1999, an SHO denied relator's motion to depose Dr. Perry. The SHO found that relator's motion was unreasonable and noted as follows:
 The claimant's request to depose Dr. Perry is denied as there is no substantial disparity between said report and the report of Dr. McCafferty.
 There is great disparity in the conclusion reached by the two examiners. The Hearing Officer finds that it is the actual medical findings/restrictions that control and not the con-clusions reached and certainly not the percentage of permanent partial disability assigned.
The SHO went on to list seven topics discussed by Drs. Perry and McCafferty and their respective conclusions reached by each doctor. (The commission's order can be found at pages 25 through 27 of the record for the court's review.)
9. Thereafter, by order dated February 16, 2000, an SHO affirmed the prior tentative order and denied relator's request for TTD compensation based upon the reports of Drs. Perry and Reichert.
10. Relator's request for reconsideration was denied by order of the commission mailed July 22, 2000.
11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994), 69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987), 31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994),68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel. Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
In this mandamus action, relator contends that the commission abused its discretion by denying her request to depose Dr. Perry. Furthermore, relator contends that the commission erred when an SHO issued a decision involving the motion to depose Dr. Perry instead of the hearing administrator. Lastly, relator contends that the report of Dr. Perry cannot constitute some evidence upon which the commission could rely in denying her application for PTD compensation.For the reasons that follow, this magistrate disagrees.
Relator's first argument is that the commission abused its discretion by denying her motion to depose Dr. Perry. R.C. 4123.09 governs the taking of depositions in proceedings before the commission and states, in pertinent part, as follows:
 In claims filed before the industrial commission * * * by injured employees * * * on account of injury * * * sustained by such employees in the course of their employment, the commission * * * may cause depositions of witnesses residing within or without the state to be taken in the manner prescribed by law for the taking of depositions in civil actions in the court of common pleas.
Ohio Adm. Code 4121-3-09(A)(6) further provides the procedure be followed, in pertinent part, as follows:
 (6) Procedure for obtaining the oral deposition of, or submit-ting interrogatories to, an industrial commission or bureau physician.
 (a) A request to take the oral deposition * * * an industrial commission or bureau physician who has examined an injured * * * worker * * * and issued an opinion shall be submitted in writing to the hearing administrator within ten days from the receipt of the examining * * * physician's report * * *.
 (b) The request must set out the reasons for the request and affirm that the applicant will pay all costs of the deposition * * * including the payment of a reasonable fee * * *.
 (c) If the hearing administrator finds that the request is a reasonable one, he shall issue a compliance letter * * *.
* * *
 (d) The factors to be considered by the hearing administrator when determining the reasonableness of the request for deposition and interrogatories include whether a substantial disparity exists between various medical reports on the issue that is under contest, whether one medical report was relied upon to the exclusion of others, and whether the request is for harassment or delay. * * *
Pursuant to the above, relator was required to submit her request to take the deposition of Dr. Perry in writing within ten days from the receipt of his report, was required to set out the reasons for the request, and was required to affirm that she would pay all costs of the deposition. The motion would be granted only if the commission found that the request was a reasonable one. The factors to be considered for determining the reasonableness of the request include whether a substantial disparity exists between the various medical reports, whether one medical report was relied upon to the exclusion of others, and whether the request was made for harassment or delay.
Upon review of relator's motion to depose Dr. Perry, this magistrate specifically notes that relator did not assert that a substantial disparity exists between the report of Dr. Perry and Dr. McCafferty. Instead, as noted in the findings of fact, relator's motion simply notes that there are historical and factual errors contained in Dr. Perry's report. Although a hearing was held on the motion, this court has no way to determine whether relator argued that a substantial disparity existed or not. In determining that the request to depose Dr. Perry was unreasonable, the hearing officer, following Ohio Adm. Code 4121-3-09(A)(6), concluded that there was no substantial disparity between the reports of Drs. Perry and McCafferty. The SHO based this conclusion on a comparison between the respective doctors' findings. The SHO noted that the objective findings were very similar; however, the ultimate conclusions reached by the doctors were different.
Relator cites Williams v. Moody's of Dayton (1982), 1 Ohio St.3d 238, and argues that because Dr. Perry found that she was able to return to her former position of employment, while Dr. McCafferty found that she was unable to, obviously a substantial disparity existed between their reports. Essentially, relator argues that her doctor found that she was one hundred percent disabled as a result of the allowed psychological conditions while Dr. Perry found that she had near zero percent impairment based upon the allowed psychological conditions. In Williams, the claimant was seeking temporary partial disability compensation. Dr. Connors had opined that claimant was temporarily totally disabled while Dr. Brown opined that claimant had a sixty percent temporary partial disability. The court found that a substantial disparity existed between the reports based solely upon the difference in the percentages. Relator contends that the SHO erred in not finding that there was a substantial disparity between Dr. McCafferty's report which opined that relator had no capacity to return to work and Dr. Perry's opinion that relator could return to work.
When a claimant files a motion for PTD compensation, the commission is ordinarily presented with reports from doctors whose ultimate conclusions differ substantially. A claimant's physician often opines that the claimant is precluded from performing any sustained remunerative employment while another doctor opines that the claimant is capable of performing some sustained remunerative employment within certain work restrictions. Looking at the ultimate conclusion, a "substantial disparity" would exist in all these cases. However, percentage is not always the proper factor for the commission to consider. When the issue in front of the commission pertains to the percentage of disability, as in Williams, a significant difference in the percentages can constitute a "substantial disparity." However, in the present case, the SHO looked at the objective findings made by the doctors. The SHO found those objective findings to be similar while the doctors' ultimate conclusions were different. In a situation such as this where the question is whether the claimant is entitled to PTD compensation, the proper focus should be on the objective findings made by the doctors and not their ultimate conclusion concerning whether or not the claimant can perform some sustained remunerative employment. In this respect, PTD cases differ from cases where the commission is asked to assess a percentage of partial impairment. As such, this magistrate finds that the commission did not abuse its discretion in this regard.
Relator also contends that the commission abused its discretion by having a hearing officer review the motion instead of a hearing administrator. Although the Ohio Administrative Code notes that the matter will be submitted to the hearing administrator, there is no valid reason for not permitting the commission to allow hearing officers to hear these cases and relator has not demonstrated that she was prejudiced in any way. Relator received the due process to which she was entitled regardless of the "title" of the person who rendered the decision. As such, this argument lacks merit.
Lastly, relator contends that the commission abused its discretion by relying upon the report of Dr. Perry. Relator contends that Dr. Perry's report is filled with inconsistencies. Relator points out that Dr. Perry noted that relator may be malingering or exaggerating her problems and that she extended little effort in carrying out the assessment. At the same time, relator notes that Dr. Perry also noted that she appeared to have problems with concentration during the interview and evaluation. Relator contends that such statements render Dr. Perry's report contradictory. This magistrate disagrees.
In State ex rel. Eberhardt v. Flxible Corp. (1994), 70 Ohio St.3d 649, the court held that equivocal medical opinions do not constitute some evidence upon which the commission can rely because such opinions have no probative value. Equivocation occurs when a doctor repudiates an earlier opinion, renders contradictory or uncertain opinions, or fails to clarify an ambiguous statement. Id. at 657.
In the present case, relator has not demonstrated that Dr. Perry's statements were equivocal or ambiguous. The fact that Dr. Perry noted that she had some difficulties with concentration, while at the same time noting that it was his opinion that she was malingering and that she did not put forth her best effort does not constitute equivocation. Relator simply has not shown that Dr. Perry's report should have been excluded from evidence as it could not constitute some evidence upon which the commission could rely.
Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion in denying her motion to depose Dr. Perry and in denying her application for PTD compensation and relator's request for a writ of mandamus should be denied.