[This decision has been published in *Ohio Official Reports* at 97 Ohio St.3d 89.]

THE STATE EX REL. PATE, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Pate v. Indus. Comm*., 2002-Ohio-5444.]

*Workers' compensation—Application for permanent and total disability compensation—Industrial Commission denies claimant's motion to depose examining bureau doctor—Industrial Commission did not abuse its discretion in denying claimant's request to depose examining bureau doctor, when.*

(No. 2001-2236—Submitted September 25, 2002—Decided October 23, 2002.)

APPEAL from the Court of Appeals for Franklin County, No. 01AP-76.

————————————

**Per Curiam.**

{¶1} The workers' compensation claim of appellant-claimant, Sandra J. Pate, has been recognized for, among other things, depression and anxiety. In 1997, she applied to appellee, Industrial Commission of Ohio, for permanent and total disability compensation. Attending psychiatrist Dr. Norman I. Hirsch opined that claimant's psychiatric condition, "[e]specially in relation to her age and her physical disabilities," rendered her permanently and her totally disabled.

{¶2} Dr. Donald L. Brown also examined claimant. Excluding claimant's physical condition and nonmedical disability factors from consideration, he commented exclusively on claimant's psychiatric condition and concluded that it did not bar her from all sustained remunerative work.

{¶3} Claimant moved to depose Dr. Brown. The commission denied the motion, stating:

{¶4} "The Staff Hearing Officer finds that Dr. Brown evaluated the claimant for the allowed psychological conditions in this claim at the request of the

Industrial Commission on the issues raised by the claimant's Permanent Total Disability Application. The Staff Hearing Officer further finds that Dr. Brown considered only the allowed psychological conditions and expressed his opinion to the questions posed in a clear and unambiguous manner. The Staff Hearing Officer further finds that there is no substantial disparity between the opinions of Dr. Brown and Dr. Hirsch. While Dr. Hirsch opines that the claimant is permanently and totally disabled, he considers the claimant's non-medical disability factor of 'her age' in combination with her physical disabilities. Dr. Brown confined his opinion to the claimant's impairment related to the allowed psychological conditions only. The Staff Hearing Officer finds that any difference of opinion with respect to the claimant's limitations considering the allowed psychological conditions is evidence to be considered and weighed in the hearing process."

{¶5} Claimant petitioned the Court of Appeals for Franklin County for a writ of mandamus to compel the commission to permit her to depose Dr. Brown. She was unsuccessful, prompting her appeal as of right to this court.

{¶6} Claimant seeks to depose Dr. Brown, alleging both internal inconsistency in his report and a substantial disparity between Dr. Brown's report and Dr. Hirsch's. Although an inconsistent report and substantial disparity among experts were once recognized as legitimate factors for determining the reasonableness of a request to depose a physician, they have since been sharply criticized. In *State ex rel. Cox v. Greyhound Food Mgt., Inc.*, 95 Ohio St.3d 353, 2002-Ohio-2335, 767 N.E.2d 1155, at ¶ 18-19, we discussed the problems with using substantial disparity as a justification for deposition:

{¶7} "{¶ 18}The term 'substantial disparity' is undefined in the context of permanent total disability. In our only two encounters with the term, 'substantial disparity' was approached from a strictly numerical standpoint, comparing the percentages of doctor-assessed impairment. This approach worked in *State ex rel. General Motors Corp. v. Indus. Comm.* (1976), 47 Ohio St.2d 244, 251-252, 1

2

O.O.3d 141, 351 N.E.2d 442, where the issue was permanent partial disability ("PPD"), partly because in PPD cases, 'substantial disparity' is defined as a difference of fifteen percent or more. Ohio Adm.Code 4121-3-15(3)(c). The approach did not work in *Williams v. Moody's of Dayton, Inc.*, (1982), 1 Ohio St.3d 238, 1 OBR 260, 438 N.E.2d 1162, a temporary total disability case. The Administrative Code speaks to a 'substantial disparity * * * on the issue that is under contest.' The key to eligibility for temporary total disability benefits is not the percentage of disability—it is whether the claimant can return to the former position of employment. Substantial disparity between percentage figures can be irrelevant in such cases. Doctors can assign wildly different disability percentages, yet agree that a claimant can work, which is the scenario here.

**{¶8}** "{¶ 19}Moreover, even without numerical comparison, the substantial-disparity criterion often does not recognize the fundamentals of the hearing process. Disability hearings occur precisely because there *is* a disparity in the medical evidence. Unanimity does not usually generate a hearing. To the contrary, the need for a hearing generally arises when one doctor says that a claimant can work and the other disagrees. They are completely opposite opinions and that is why there is a hearing—to debate a disputed report's strengths and weaknesses. Once the hearing is concluded, the commission can accept the disputed report or reject it as unpersuasive." (Emphasis sic.)

**{¶9}** We made a similar observation on the issue of internal inconsistency:

**{¶10}** "[T]he commission, in its prerogative, can disqualify as fatally flawed a report that is so internally inconsistent as to negate its credibility. Because this is a potential problem that the commission can address and remedy without resort to deposition, it is not an abuse of discretion for the commission to elect to do so." *Cox*, 95 Ohio St.3d 353, 2002-Ohio-2335, 767 N.E.2d 1155, at ¶ 27.

SUPREME COURT OF OHIO

**{¶11}** Finally, cognizant that a reasonableness standard is used to evaluate a motion to depose a commission or bureau doctor, Ohio Adm.Code 4121-3-09(A)(6)(c) and (d), we concluded:

**{¶12}** "[T]he code's [Ohio Adm.Code 4121-3-09(A)(6)(d)] first two criteria [(1) whether a substantial disparity exists between various medical reports on the issue that is under contest, and (2) whether one medical report was relied upon to the exclusion of others], in most cases, are not very useful in determining the reasonableness of a deposition request. Fortunately, Ohio Adm.Code 4121-3-09(A)(6)(d)'s use of the word 'include' in listing criteria implies that other factors may be considered as circumstances dictate. In this case, we indeed rely on two other criteria: (1) Does a defect exist that can be cured by deposition? and (2) Is the disability hearing an equally reasonable option for resolution?" Id. at ¶ 24.

**{¶13}** In the present case, Dr. Brown and Dr. Hirsch disagree on claimant's ability to work. This disagreement, however, is capable of resolution through a hearing where the commission may accept or reject Dr. Brown's report as persuasiveness dictates. We also find any alleged internal inconsistency amenable to resolution by the same process.

**{¶14}** Accordingly, we find that the commission did not abuse its discretion in denying claimant's request to depose Dr. Brown. The judgment of the court of appeals is therefore affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., dissents.

PFEIFER, J., dissents and would allow the taking of the doctor's deposition.

_____

Butkovich, Schimpf, Schimpf & Ginocchio Co., L.P.A., James A. Whittaker and Stephen P. Gast, for appellant.

4

Betty D. Montgomery, Attorney General, and Daniel M. Hall, Assistant Attorney General, for appellee.

_____