DECISION ON OBJECTIONS TO THE MAGISTRATE'S DECISION
{¶ 1} Relator, The Deaconess Hospital Cincinnati, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio ("commission"), to vacate its order that granted permanent total disability compensation to respondent-claimant, Linda E. Jackson, and to order the commission to issue a new order finding that claimant is not entitled to such compensation.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
 {¶ 3} In its objections, relator argues that the magistrate erred by finding the commission did not abuse its discretion in denying relator's motion to depose Dr. Lutz, that the commission abused its discretion in relying on the report of Dr. Lutz and that the commission abused its discretion in relying on the report of Dr. Blades. Even assuming that the commission should have granted relator's motion to depose Dr. Lutz, we cannot say that the magistrate's decision is in error, as the report of Dr. Blades supports a finding of permanent total disability.
 {¶ 4} There is nothing in Dr. Blades' report to indicate that her opinion was based on anything other than the allowed conditions of claimant's claim. Therefore, the commission did not abuse its discretion in relying upon it in granting claimant's request for compensation.
 {¶ 5} Based upon a review of the magistrate's decision and an independent review of the record, this court overrules relator's objections to the magistrate's decision, we adopt the magistrate's decision as our own, and the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
Bryant and Klatt, JJ., concur.
Bowman, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
 APPENDIX A IN THE COURT OF APPEALS OF OHIO TENTH APPELLATE DISTRICT
State of Ohio ex rel. :
The Deaconess Hospital Cincinnati, :
 :
 Relator, :
v. : No. 04AP-526
 :
Linda E. Jackson and : (REGULAR CALENDAR)
The Industrial Commission of Ohio, :
 Respondents. :

 MAGISTRATE'S DECISION Rendered on November 18, 2004 Dinsmore Shohl LLP, Gary E. Becker and Theresa M. Muhic, for relator.
McCaslin, Imbus McCaslin, and Joseph C. Gruber, for respondent Linda E. Jackson.
Jim Petro, Attorney General, and Keith D. Blosser, for respondent Industrial Commission of Ohio.
IN MANDAMUS
 {¶ 6} Relator, The Deaconess Hospital Cincinnati, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted permanent total disability ("PTD") compensation to respondent Linda E. Jackson ("claimant") and ordering the commission to find that claimant is not entitled to that compensation.
Findings of Fact:
 {¶ 7} 1. Claimant sustained a work-related injury on December 22, 1999, and her claim has been allowed for "low back strain; sprain right ankle; sprain sacrum; herniated discs at L4-5 and L5-S1."
 {¶ 8} 2. Claimant filed an application for PTD compensation on November 1, 2002. Claimant's application was initially dismissed by the commission due to lack of medical evidence; however, by order mailed January 24, 2003, it was subsequently reinstated.
 {¶ 9} 3. In support of her application, claimant submitted the September 9, 2002 report of her treating physician, Dr. Mary D. Blades, who opined as follows:
* * * Mrs. Jackson was seen on 8-28-02. Her complaints were low back pain radiating into her left buttocks, left thigh and left foot. She has numbness in the left foot. She is unable to sleep due to her pain. Her pain is worse with activity and with driving.
On exam she is clearly very uncomfortable, limps badly when walking and having great difficulty getting up from the chair. She has tenderness across the lumbar region, most severe in the L sacroiliac region with decreased strength in her left thigh flexors and left dorsiflexors of the foot. Sensation in the left foot is decreased to light touch.
It is my opinion that Mrs. Jackson is permanently and totally disabled due to her herniated lumbar discs.
 {¶ 10} 4. Claimant was examined by Dr. James T. Lutz on April 15, 2003, at the request of the commission. With regard to his objective physical findings, Dr. Lutz noted the following:
* * * The claimant arose from a seated position with moderate difficulty and entered the examination room with a stiffened gait, leaning forward, and favoring the left side while utilizing a cane in her right hand. The claimant appeared depressed and in moderate painful distress, frequently changing positions from sitting and standing. The claimant had marked difficulty even reaching a sitting position on the examination table. Examination of the low back revealed mild loss of lordotic curvature and a level pelvis. Generalized tenderness was noted over the lumbosacral region, with marked tenderness over the upper sacral area, where spasm was noted bilaterally as well. Deep tendon reflexes of the lower extremities were 2+ and symmetrical, while decreased sensation was noted over the left lateral calf. The claimant had essentially no power, with essentially no movement when attempting to dorsiflex either the toes or the foot on the left. Straight leg raising was achieved at 60 degrees in the sitting position only with elevation of the right leg producing central low back pain and pulling; and elevation of the left leg producing left-sided low back pain and pulling, with positive radicular signs to the left ankle. The claimant was unable to heel or toe walk, and could not perform any meaningful portion of a squat. Range of motion was dramatically reduced with flexion 10 degrees, extension lacked 5 degrees, right lateral flexion 5 degrees, and left lateral flexion 5 degrees. Examination of the right ankle was unremarkable with no structural deformities, swelling, or discoloration. There were no areas of tenderness, and the claimant exhibited full range of motion through all planes of movement.
 {¶ 11} Dr. Lutz concluded that claimant had reached maximum medical improvement ("MMI"), assessed a ten percent whole person impairment and, on a physical capacities evaluation form, indicated that relator was not capable of physical work activity.
 {¶ 12} 5. At relator's request, claimant was examined by Dr. Bernard Bacevich. In his report dated December 9, 2002, Dr. Bacevich indicated that claimant's lumbar spine findings primarily related to a marked restriction of motion; he could not verify her radicular symptoms by an objective physical abnormalities; he assessed an eight percent whole person impairment; and he concluded that she would be able to perform sedentary work. Dr. Bacevich further opined that relator's pain is related to an unrelated and nonallowed progressive disc condition of the lumbar spine.
 {¶ 13} 6. Relator filed a motion requesting permission to depose Dr. Lutz for two reasons: (1) to determine his rationale for simply checking the box indicating that claimant could perform no work activity; and (2) because his report was in substantial disparity of that of Dr. Bacevich.
 {¶ 14} 7. By order dated August 13, 2003, a staff hearing officer ("SHO") denied relator's motion to depose Dr. Lutz as follows:
Following review of the claim file and the relevant evidence, it is the finding of the Staff Hearing Officer that the employer's motion is unreasonable because there exists no substantial disparity in the medical findings of reports of Dr. Lutz and Dr. Bacevich.
Therefore, it is the order of the Staff Hearing Officer that the employer's motion is denied. The processing of all pending issues is to resume.
The Staff Hearing Officer finds that the report of Dr. Lutz is clear and unambiguous and his conclusion is supported by his findings.
The difference in medical findings can be resolved in the adjudication process.
This order is based on reports of Dr. Lutz and Dr. Bacevich.
 {¶ 15} 8. Claimant's treating physician, Dr. Blades, submitted two other reports. By report dated February 6, 2003, Dr. Blades opined as follows:
Linda Jackson (DOB 05/07/48) is my patient who I follow for her multiple medical problems. I can say with reasonable medical certainty that she is disabled due to her back pain. It is also true that her other medical conditions, especially her diabetes, has been worsening due to her inability to exercise because of the back pain.
 {¶ 16} Dr. Blades also submitted a letter dated July 8, 2003, wherein she stated as follows:
In my professional opinion my patient Linda E. Jackson is totally disabled and cannot be released from my care. She is unable to do any type of work. Her walking, standing, and sitting is very limited due to back and leg pain, 15 minutes in each position. Her driving is very limited. Patient needs to take pain medications due to back and leg pain.
 {¶ 17} 9. Claimant's application for PTD compensation was heard before an SHO on December 5, 2003, and resulted in an order granting the requested compensation as follows:
The injured worker submitted a medical report from her physician of record, Dr. Mary D. Blades, regarding the allowed conditions in this claim. Dr. Blades opines the injured worker to be permanently and totally disabled due to the "HERNIATED LUMBAR DISCS," allowed in this claim.
The injured worker was examined by Dr. James T. Lutz, at the request of the Industrial Commission, with regard to the allowed physical conditions. Dr. Lutz opined the injured worker's allowed conditions to be permanent and to have reached maximum medical improvement. Dr. Lutz further stated that the injured worker could not return to her former position of employment as a result of the allowed conditions, and that she was permanently and totally disabled, also, as a result of the allowed conditions.
The Staff Hearing Officer finds that the injured worker at fiftyfive years of age, is a middle aged person with a work history of heavy to light lifting and the ability to read and write and perform basic math skills, who suffers from constant low back pain, frequent numbness and tingling down the left leg, and frequent muscle spasms involving both her upper and lower legs. It is therefore the finding of the Staff Hearing Officer that the injured worker is not able to engage in sustained remunerative employment and is therefore found to be permanently and totally disabled. The injured worker's permanent and total disability application filed 11/01/2002, is granted.
Permanent total disability benefits are to begin on the date the injured worker's physician of record, Dr. Blades, opined her to be permanently and totally disabled as a result of the allowed orthopedic conditions.
It is further ordered that the above award be allocated as follows: 100% of the award is to be paid under Claim Number L32484-22.
The reports of Dr. Blades 09/09/2002, 01/06/2003, 07/08/2003 and Dr. Lutz 04/15/2003 were reviewed and evaluated.
(Emphasis sic.)
 {¶ 18} 10. Relator filed a request for reconsideration which was denied by order of the commission mailed January 29, 2004.
 {¶ 19} 11. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law:
 {¶ 20} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm. (1967),11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. State exrel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond Foundry Co. (1987),29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981), 68 Ohio St.2d 165.
 {¶ 21} The relevant inquiry in a determination of permanent total disability is claimant's ability to do any sustained remunerative employment. State ex rel. Domjancic v. Indus. Comm. (1994),69 Ohio St.3d 693. Generally, in making this determination, the commission must consider not only medical impairments but, also, the claimant's age, education, work record and other relevant nonmedical factors. State ex rel. Stephenson v. Indus. Comm. (1987),31 Ohio St.3d 167. Thus, a claimant's medical capacity to work is not dispositive if the claimant's nonmedical factors foreclose employability. State ex rel. Gay v. Mihm (1994), 68 Ohio St.3d 315. The commission must also specify in its order what evidence has been relied upon and briefly explain the reasoning for its decision. State ex rel.Noll v. Indus. Comm. (1991), 57 Ohio St.3d 203.
 {¶ 22} In this mandamus action, relator makes three arguments. First, relator contends that the commission abused its discretion by denying its motion to depose Dr. Lutz. Second, relator contends that the report of Dr. Lutz does not constitute some evidence upon which the commission could rely when Dr. Lutz simply checked a box indicating that claimant could perform no work activity. Third, the commission abused its discretion by granting the application for PTD compensation based in part, on nonallowed conditions. For the reasons that follow, this magistrate disagrees.
 {¶ 23} Pursuant to Ohio Adm. Code 4121-3-09(A)(6)(d), a motion to depose a physician should be granted if there is a substantial disparity between various medical reports and one medical report was relied on to the exclusion of the others. With regards to applications for PTD compensation, this criteria has proven unuseful and unworkable. As such, in State ex rel. Pate v. Indus. Comm., 97 Ohio St.3d 89, 2002-Ohio-5444, ¶ 12, the Ohio Supreme Court noted as follows:
"[T]he code's [Ohio Adm. Code 4121-3-09(A)(6)(d)] first two criteria [(1) whether a substantial disparity exists between various medical reports on the issue that is under contest, and (2) whether one medical report was relied upon to the exclusion of others], in most cases, are not very useful in determining the reasonableness of a deposition request. Fortunately, Ohio Adm. Code 4121-3-09(A)(6)(d)'s use of the work `include' in listing criteria implies that other factors may be considered as circumstances dictate. In this case, we indeed rely on two other criteria: (1) Does a defect exist that can be cured by deposition? and (2) Is the disability hearing an equally reasonable option for resolution?" Id. at ¶ 24.
 {¶ 24} Applying the court's additional criteria, the magistrate finds that the commission did not abuse its discretion in denying the motion of relator to depose Dr. Lutz. The fact that Dr. Lutz wrote his report and then simply checked the box indicating that the claimant was not capable of any work activity goes to the weight and credibility of his medical report and, pursuant to Teece, it is within the discretion of the commission as fact finder to determine. Relator points out that Dr. Bacevich opined that relator's problems were all related to the nonallowed condition of degenerative disc disease. Relator contends that Dr. Lutz's report did not address the nonallowed conditions and that she should have been given the opportunity to depose Dr. Lutz to determine whether or not his opinion was based in part on this nonallowed condition or explain how he arrived at a percentage of disability apart from this nonallowed condition. Except for the fact that a deposition could provide relator, and ultimately the commission as well, with greater detail, the magistrate finds that the disability hearing itself is an equally reasonable option for resolution inasmuch as his report is not otherwise internally inconsistent. Dr. Lutz listed solely the allowed conditions in his report. As such, there is no reason to conclude that he considered this nonallowed condition in reaching his conclusions. Furthermore, relator is unable to point to any case law requiring a doctor to address nonallowed conditions. Instead, to the contrary, a doctor is expected to confine his/her opinions solely to the allowed conditions. The report was not internally inconsistent, and contained no other defect. As such, this argument of relator fails.
 {¶ 25} Relator also challenges Dr. Lutz's report by asserting that the act of checking a box does not comport with the strict requirements for granting PTD compensation. Relator contends that, especially when Dr. Lutz only found a ten percent whole person impairment, the act of simply checking a box indicating that the claimant can perform no work activity does not provide enough detail upon which the commission could rely in thereby granting an application for PTD compensation. As stated previously, this would go to the weight and credibility of Dr. Lutz's opinion and is solely within the discretion of the commission to determine. The magistrate does not find that the commission abused its discretion by relying upon Dr. Lutz's report in this matter. Relator also challenges the reports of Dr. Blades because she opined that claimant was permanently and totally disabled and did not address impairment. This magistrate disagrees.
 {¶ 26} In her September 9, 2002 letter, Dr. Blades noted that claimant has low back pain radiating into her left buttocks, left thigh and left foot, and numbness. She indicated further that claimant's pain is worse with activity and driving, that claimant limps badly when walking and has great difficulty getting up from her chair. In her July 8, 2003 letter, Dr. Blades noted that claimant was unable to do any type of work and that her walking, standing, and sitting is very limited due to back and leg pain, 15 minutes in each position, and that her driving is very limited. As such, although Dr. Blades does state that she believes claimant is permanently and totally disabled, she does indicate that claimant is impaired and lists reasons for why she cannot perform any work activity.
 {¶ 27} Lastly, relator argues that the commission granted PTD compensation, in part, upon nonallowed conditions. In making this argument, relator notes that Dr. Blades indicated that claimant's herniated discs caused her permanent total disability. Relator points out that disc herniations at L4-5 and L5-1 are the only disc herniations allowed in the claim; however, the MRI of October 8, 2002, also showed discogenic signal changes at L2-3. Relator contends that it is not certain whether Dr. Blades' opinion is based solely upon the allowed disc herniations or the problems noted at L2-5. Relator also points out that Dr. Bacevich found that claimant's medical impairment was due to the nonallowed conditions.
 {¶ 28} As stated previously, it is up to the commission to determine the weight and credibility of the medical evidence. The commission does not abuse its discretion by accepting one report and rejecting another report.
 {¶ 29} There is nothing in Dr. Blades' reports that would indicate that her opinion was based upon anything other than the allowed conditions in claimant's claim. Relator is merely speculating that Dr. Blades' opinion is based, in part, upon nonallowed conditions. Furthermore, in State ex rel. Consolidation Coal Co. v. Indus. Comm.
(1997), 78 Ohio St.3d 176, the court noted that there is no requirement that a physician specifically indicate that a nonallowed condition was not part of his or her conclusion. Inasmuch as there is nothing in the record to indicate that Dr. Blades' opinion was based upon the nonallowed conditions, the magistrate rejects relator's argument.
 {¶ 30} Based on the foregoing, the magistrate finds that relator has not demonstrated that the commission abused its discretion in granting PTD compensation to claimant and this court should deny relator's request for a writ of mandamus.